DR. M. HALFON, SHEILA HALFON, LEON D. PESKIN AND HENRIETTA PESKIN, APPELLANTS, *v.* TITLE INSURANCE AND TRUST COMPANY, JOE INGER-SOLL, BARBARA INGERSOLL, JACK WESLEY LINDELL AND ELDORA GASKAMP LINDELL, RESPONDENTS.

No. 12636

October 12, 1981                    634 P.2d 660

*Jones, Jones, Bell, Close & Brown,* Las Vegas, for Appellants.

*Morse-Foley* and *John H. Mowbray,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*[1]

In September 1969, respondents Joe Ingersoll and Jack Lindell entered into an agreement to sell a parcel of real property to appellants. The total sales price was $500,000. Pursuant to agreement, appellants made a $100,000 cash down payment, and respondents released to them a five-acre portion of the total parcel. Appellants then executed a promissory note for the remaining principal of $400,000. Appellants were required to make monthly interest payments until December 12, 1974, at

---

[1]The Honorable John C. Mowbray, Justice, voluntarily disqualified himself from the decision of this case.

which time the entire principal of $400,000 became due and payable.[2]

As security, appellants executed a deed of trust on all the property except the five acres which had previously been released to them. Paragraph 5 of this deed of trust specifically required appellants to assign to respondents any condemnation award.[3] Some time later, the Department of Highways condemned 1.379 acres of the secured property. In July 1974, appellants stipulated to a condemnation award of $52,000. Appellants did not, however, assign the condemnation award to respondents.

Appellants failed to make monthly interest payments in October, November and December 1974. In addition, appellants failed to make the principal payment due December 12, 1974. On May 16, 1975, a trustee's sale was held at which respondents, the only bidders present, purchased the secured property for $325,000. Several weeks later, respondents resold the property for $375,000.

On August 14, 1975, respondents commenced an action against appellants seeking a deficiency judgment and recovery of the condemnation award. The district court, sitting without a jury, rendered judgment in respondents' favor for $52,000, the exact amount of the condemnation award. This appeal followed.

1. The district court made a specific finding of fact that the fair market value of the secured property at the time of the trustee's sale was not in excess of $382,000. Appellants contend that this figure was too low and that the court's finding was palpably contrary to the evidence presented. We disagree.

The district court's determination as to the fair market value of real property will not be disturbed on appeal if it is supported by substantial evidence. Unruh v. Streight, 96 Nev. 684, 615 P.2d 247 (1980); Tahoe Highlander v. Westside Fed. Sav., 95 Nev. 8, 588 P.2d 1022 (1979). In this case, one expert witness estimated the fair market value at $375,000. Respondents also testified that in their opinion the fair market value was

---

[2]Respondent Title Ins. and Trust Co. was given the responsibility of collecting the monthly interest payments.

[3]Paragraph 5 provides:

Any award of damages in connection with any condemnation for public use of or injury to any property or any part thereof is hereby assigned and shall be paid to Beneficiary, who may apply or release such moneys received by him in the same manner and with the same effect as herein provided for disposition of proceeds of insurance.

$375,000. Evidence was also presented that respondents actually sold the property for $375,000 approximately three weeks after the trustee's sale. The district court was entitled to rely on this evidence in fixing the fair market value, even though three other expert witnesses estimated a higher fair market value. There is substantial evidence to support the district court's determination.

2. Appellants also contend that the findings of fact, conclusions of law, and judgment are so unclear that enforcement of the judgment is impossible. Specifically, appellants argue that it is impossible to discern whether the $52,000 judgment represents the condemnation award or a deficiency judgment. This contention is without merit. The district court stated as conclusion of law number 2:

> Sellers (Plaintiffs) are thereby entitled to recover said *condemnation award of Fifty-two Thousand Dollars* ($52,000.00) from Buyers together with interest thereon at the rate of seven percent (7%) per annum from the date of entry of Judgment in the action. (Emphasis added.)

It is clear to us that the judgment represented recovery of the condemnation award.

3. We now must determine whether respondents were entitled to the entire condemnation award. The deed of trust in question required appellants to assign to respondents any condemnation award paid for the taking of the secured property. Even absent such a contractual provision, when property subject to a mortgage or deed of trust is taken in eminent domain proceedings, the condemnation award becomes a substitute for the property, and the mortgagee or beneficiary has an equitable lien on the award. Copp v. Sands Point Marina, Inc., 270 N.Y.S.2d 599 (N.Y. 1966); State v. Hemmingson, 359 P.2d 154 (Wash. 1961). The secured party, however, is only entitled to that portion of the condemnation award necessary to satisfy his lien. Silverman v. Lefkowitz, 344 N.Y.S.2d 206 (App. Div. 1973); Application of Lafayette Nat. Bank of Brooklyn, 4 N.Y.S.2d 356 (App. Div. 1938). This rule applies even where, as here, the deed of trust specifically provides for assignment of the condemnation award to the secured party. *See* Milstein v. Security Pacific National Bank, 103 Cal.Rptr. 16 (Ct.App. 1972). Thus, respondents were entitled only to that portion of the $52,000 condemnation award necessary to satisfy the deficiency.

The fair market value of the secured property at the time of the trustee's sale was $382,000. This figure is the measuring amount for purposes of computing the deficiency.[4] At the time of the sale, appellants owed respondents $432,583.41, leaving a deficiency of $50,583.41. By entering judgment for the entire condemnation award of $52,000, the district court awarded respondents more than they were entitled to recover. Accordingly, we hereby modify the judgment to $50,583.41.

We have considered the other issues raised by appellants and have found them to be without merit.

Affirmed as modified.

---

[4]NRS 40.459, which limits the permissible amount of a deficiency judgment, provides in pertinent part:

> The court shall not render judgment for more than the amount by which the amount of indebtedness which was secured by the mortgage, deed of trust or other lien at the time of the foreclosure sale or trustee's sale, as the case may be, exceeded the fair market value of the property sold at the time of such sale, with interest from the date of such sale.