**Hettie M. COLWELL, Independent Executrix of the Estate of Leslie C. Colwell**

v.

**The UNITED STATES.**

**No. 487–80T.**

United States Court of Claims.

March 10, 1982.

Alvin J. Golden, atty. of record, Austin, Tex., for plaintiff.

Abraham Gutwein, New York City, with whom was Asst. Atty. Gen., Glenn L. Arch-

er, Jr., Washington, D. C., for defendant; Theodore D. Peyser, Washington, D. C., of counsel.

Before FRIEDMAN, Chief Judge, SKELTON, Senior Judge, and NICHOLS, Judge.

FRIEDMAN, Chief Judge:

This case, before us on cross-motions for summary judgment, presents a complicated technical question of first impression involving the calculation of the marital deduction under the federal estate tax. The issue arises in a community property state. The estate contains both community and noncommunity property; some parcels of the community property are encumbered by mortgages. As explained below, the Internal Revenue Code provides a formula for allocating the allowable deductions from the gross estate between community and noncommunity property in determining the marital deduction. The specific question in applying the formula is whether the indebtedness applicable to the community property is to be deducted initially from the gross value of that property (as plaintiff contends) or is to be taken into account only in a later stage of the calculation (as the defendant did). We hold for the defendant.

## I.

Leslie C. Colwell, a resident of Texas, a community property state, died in 1974. The decedent owned both community and separate property. The community property was subject to separate mortgage indebtedness. Under the mortgages, the decedent, and then his estate, was personally liable for any deficiency the property did not satisfy, which deficiency could be collected from noncommunity property.

In her federal estate tax return, the executrix calculated the marital deduction at $48,935.32 originally, but now claims only $42,606.98. Upon audit, the Commissioner of Internal Revenue reduced the marital

deduction to $25,758.18. (The bases upon which the different calculations were made are explained below.) The result of the Commissioner's redetermination of the marital deduction was to increase the estate tax (with interest) by $5,489.97. The executrix paid this additional amount and filed a timely claim for refund. When the Commissioner denied the refund, the executrix filed the present suit seeking return of that amount.

## II.

A. The marital deduction, added to the Internal Revenue Code in 1948, was "intended to equalize the effect of the estate taxes in community property and common-law jurisdictions.... [It] permits a deceased spouse ... to transfer free of taxes one-half of the non-community property to the surviving spouse." *United States v. Stapf,* 375 U.S. 118, 128, 84 S.Ct. 248, 255, 11 L.Ed.2d 195 (1963).

The marital deduction is provided in section 2056(a) of the Internal Revenue Code of 1954.[1] It states that there is to be deducted from "the gross estate":

an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

The version of section 2056(c)(1) in effect in 1974 limited the marital deduction to 50 percent of the decedent's "adjusted gross estate."[2] 26 U.S.C. § 2056(c)(1) (1970).

Section 2056(c)(2) defines "adjusted gross estate" for this purpose as the "entire value of the gross estate" less the "aggregate amount of the deductions allowed by sections 2053 and 2054." The latter two sections cover such deductions as various losses of the estate and, to the extent allowable by the law of the jurisdiction under which the estate is being administered, funeral

1. All references to the Internal Revenue Code, unless indicated otherwise, are to the 1976 edition of Title 26 of the United States Code.

2. This limitation was removed by the Economic Recovery Tax Act of 1981, Pub.L.No. 97–34, § 403(a)(1), 50 L.W. 1, 42 (to be codified in I.R.C. § 2056). As a result, this question cannot arise under estates the new Act covers.

and administration expenses, claims against the estate, and, particularly pertinent here, amounts

> for unpaid mortgages on, or any indebtedness in respect of, property where the value of the decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate.

I.R.C. § 2053(a)(4).

In estates containing community property, the "adjusted gross estate" (of which the marital deduction cannot exceed 50 percent) is computed by subtracting from the "entire value of the gross estate" the decedent's half interest in community property and a pro rata share of the deductions allowed under sections 2053 and 2054. *Id.* § 2056(c)(2)(B). The pertinent provision of section 2056(c)(2)(B)(iv) specifies that the pro rata share of these deductions shall be:

> an amount which bears the same ratio to the aggregate of the deductions allowed under sections 2053 and 2054 which the value of the property included in the gross estate, diminished by . . . [the value of the community property the decedent held], bears to the entire value of the gross estate.

Section 20.2056(c)–2 of the Estate Tax Regulations, governing the "Marital deduction in cases involving community property," repeats this statutory formula. It provides the following equation for determining the pro rata portion of the deductions allowed under sections 2053 and 2054:

$$\frac{\text{gross estate, less community property}}{\text{entire gross estate}} \times \frac{\text{deductions for expenses, indebtedness, taxes and losses.}}{}$$

Treas.Reg. § 20.2056(c)–2(a)(4). The regulation then gives the following example:

The application of this section may be illustrated by the following example[ ]:

> *Example (1).* The value of a decedent's gross estate is $300,000, of which $200,000 represents his separate property and $100,000 represents his one-half interest in community property. The decedent's separate property was inherited from his father. The deductions allowed under sections 2053 and 2054 total $45,000. The adjusted gross estate is computed as follows:

| | |
|---|---|
| Value of gross estate | $300,000 |
| Reduction under paragraph (a)(1) | $100,000 |
| Reduction under paragraph (a)(4) | |
| $\frac{\$200,000}{\$300,000} \times \$45,000$ | 30,000 |
| Total reduction | 130,000 |
| Adjusted gross estate | 170,000 |

> The marital deduction will be $85,000 (one-half the value of the adjusted gross estate) in case the aggregate value of the deductible interests which passed from the decedent to his surviving spouse equals or exceeds that amount.

*Id.* § 2.2056(c)–2(j).

B. The legal issue in this case can best be explained by describing the different ways in which the plaintiff and the Commissioner calculated the marital deduction.

1. In claiming a marital deduction of $42,606.98, the plaintiff made the following calculations:

| | |
|---|---|
| Decedent's share of community property | $112,172.06 |
| Four items of community property were subject to mortgages. In calculating the value of the decedent's community property, the executrix subtracted from the total unencumbered fair value of those four items of $222,650, the total of the four mortgages of $137,392.03. | |
| Decedent's separate property | 97,870.63 |
| Total gross estate | 210,042.69 |
| Less reduction for value of decedent's community property interest pursuant to section 2056(c)(2)(B)(i) | (112,172.06) |
| Gross estate less community property | 97,870.63 |
| Less pro rata share of deductions pursuant to section 2056(c)(2)(B)(iv) | |
| $\frac{97,870.63}{210,042.69} \times 27,162.81$ (all of estate's deductions under sections 2053 and 2054 except mortgage indebtedness of $137,392.03) | (12,656.67) |
| Adjusted gross estate | 85,213.96 |
| Marital deduction (½ of adjusted gross estate) | 42,606.98 |

2. The Commissioner's calculation of a marital deduction of $25,758.18 was made as follows:

Total gross estate ................... $347,434.72
Less community property without de-
duction of mortgage indebtedness ...... (249,564.09)
Decedent's separate property ........... 97,870.63
Less pro rata share of deductions

$$\frac{97,870.63}{347,434.72} \times 164,554.84$$

(estate's deductions
under sections 2053
and 2054, including
mortgage indebtedness
of $137,392.03) ......... (46,354.28)
Adjusted gross estate ...... ....... ... 51,516.35
Marital deduction
(½ of adjusted gross estate) .......... 25,758.18

3. The basic disagreement between the plaintiff and the defendant thus is over the point in the calculations at which the mortgage indebtedness on the community property is to be subtracted. The plaintiff subtracted the mortgage indebtedness from the value of the community property in determining the value of the gross estate, used the lower gross estate as the denominator in the fraction for determining the pro rata share of deductions, and then applied that fraction to the non-mortgage deductions. The defendant determined the value of the gross estate without deducting the mortgage indebtedness on the community property, used the larger gross estate as the denominator of the fraction, and then applied that fraction to the total deductions of the estate, including the mortgages on the community property.

The determination of which of these two methods of calculation is correct depends upon the proper application of the statutory provisions that govern the calculation.

C. 1. Section 2056(c)(2)(B)(iv) applies the fraction there provided to "the aggregate of the deductions allowed under sections 2053 and 2054." Those sections allow a number of deductions from "the value of the gross estate," one of which, as noted earlier, is "for unpaid mortgages on, or any indebtedness in respect of, property where the value of the decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate." In other words, if the unencumbered value of the property is included in the gross estate, section 2053(a)(4) permits a deduction for mortgages on, or indebtedness in respect of, that property.

The government's calculations are in accord with these provisions, but the plaintiff's are not. *See* C. Lowndes, R. Kramer & J. McCord, Federal Estate and Gift Taxes § 17.3 at 440–41 (3d ed. 1974); R. Stephens, G. Maxfield & S. Lind, Federal Estate and Gift Taxation ¶ 5.06[5][a] at 5–87 to 5–89 (1978).

■ The government correctly included the deduction for mortgage indebtedness in the total amount to which the fraction in section 2056(c)(2)(B)(iv) is applied because that amount is part of the "aggregate of the deductions allowed" under sections 2053 and 2054. The plaintiff's calculations, on the other hand, do not apply the fraction to the "aggregate" of those deductions, but only to a portion of those deductions, *i.e.*, the deductions other than mortgage indebtedness.

■ The government's calculations also effectuate the purpose of the formula. The formula is designed to permit the proper allocation of the estate's total deductible expenses between community and noncommunity property. To do this necessarily requires that all the deductions, and not just some of them, be so allocated.

2. Sections 2033 and 2053(a) further support the government's calculations. Section 2033 defines the "value of the gross estate" for estate tax purposes to "include the value of all property to the extent of the interest therein of the decedent at the time of his death." Section 2053(a) provides that the "value of the taxable estate shall be determined" by deducting from the gross estate the items there listed, including mortgage indebtedness. Treasury Regulation § 20.2053–7, which explains this section, states that "[i]f the decedent's estate is liable for the amount of the mortgage or indebtedness, the full value of the property subject to the mortgage or indebtedness must be included as part of the value of the gross estate; the amount of the mortgage or indebtedness being in such a case allowed as a deduction." (As noted, *supra* at 2, the decedent's estate here was liable for the amount of the mortgages.)

As used in section 2033, therefore, the "value of the gross estate" means the value of the decedent's property interests without regard to the deductions specified in section 2053(a), including mortgage indebtedness. If only the "net" value of the decedent's interest in property, community or otherwise, were to be used in determining the gross estate, there would be no need for the provision in section 2053(a) for deducting the amount of mortgage indebtedness from the "gross estate" to determine the "taxable estate."

The plaintiff's calculations, however, were made on the net valuation of the gross estate. Instead of subtracting from the "value of the gross estate" "the value of" the community property the decedent held and then subtracting from the remainder the portion of the total allowable deductions that were attributable to the separate property, the plaintiff subtracted from the gross estate only the decedent's equity in the community property, i.e., the gross value of the community property less its mortgage indebtedness, and from the remainder, subtracted only a portion of the unallocated debts.

3. The plaintiff seeks to justify this treatment by reference to section 2056(b)(4)(B). That section provides that in determining for the purposes of the marital deduction "the value of any interest in property passing to the surviving spouse," there should be taken into account any encumbrance upon the property. The plaintiff argues that the amount of any encumbrance on decedent's interest in community property also should be taken into account in making the calculations under section 2056(c)(2)(B).

The valuation of the interest passing to the surviving spouse under section 2056(b)(4)(B) serves a different function from the determination of the adjusted gross estate containing community property under section 2056(c)(2)(B). The Commissioner correctly declined to incorporate the encumbrance-deduction requirement of the former provision in determining the adjusted gross estate under the latter section.

As noted, the marital deduction is determined by "the value of any interest in property" passing from the decedent to the surviving spouse. Unless the amount of the encumbrances was deducted in valuing that interest, the marital deduction would be based upon a fictitious valuation of the property passing. The value of property transferred is not its unencumbered value but only its net value. In order to determine the "value" of property passing from the decedent to the surviving spouse, the amount of any indebtedness on that property necessarily must be deducted.

The calculations required under section 2056(c)(2)(B), however, are made to determine the decedent's "adjusted gross estate," which limits the amount of the marital deduction that section 2056(a) provides. In section 2056(c)(2)(B), Congress provided a different set of deductions from the deductions in section 2056(b)(4)(B). The deductions in section 2056(c)(2)(B) are designed not to determine the value of the property passing to the surviving spouse, but to allocate the total allowable deductions from the "entire value of the gross estate" in order to deduct from the community property of the deceased the portion of the deductions allowable to that property. The two statutory provisions deal with different problems, and the deductions provided in section 2056(b)(4)(B) do not apply to the calculation made under section 2056(c)(2)(B).

4. Finally, the plaintiff argues that its method of computing the marital deduction produces results more in harmony with the basic congressional purpose in the marital deduction provisions of equalizing estate taxes between community and noncommunity property states than do the government's calculations. The plaintiff presents examples that allegedly establish its thesis. Not surprisingly, the government counters with other examples that in its view support the opposite conclusion. We find it unnecessary to decide which submission is correct, however, since even if the plaintiff's view were accepted, that would not justify the plaintiff's method of calculation.

In an area as complicated and technical as this, the Commissioner necessarily has considerable discretion in deciding how to apply the statutory provisions. The Commissioner's method of calculation is in accord with the language of the pertinent sections of the Code. The plaintiff's argument, based on the alleged effect of a different method of calculation in equalizing estate taxes in community property and noncommunity property states, primarily addresses the wisdom of the Secretary's interpretation of the law, not its correctness. The Secretary's calculations in this case are consistent with and supported by the statute, and we accept them.

## CONCLUSION

The plaintiff's motion for summary judgment is denied, the defendant's motion for summary judgment is granted, and the petition is dismissed.