FIRST WESTERN FINANCIAL CORPORATION AND FIRST WESTERN SAVINGS ASSOCIATION, APPELLANTS, v. VEGAS CONTINENTAL AND LEROY CORPORATION AKA LEROY PROPERTIES AND DEVELOPMENT CORPORATION, RESPONDENTS.

No. 14570

December 17, 1984                    692 P.2d 1279

*Dickerson, Miles, Pico & Mitchell,* and *John M. Netzorg,* Las Vegas, for Appellants.

*Rudiak & Larsen, P.C.,* and *Brent A. Larsen* and *George Rudiak,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

The sole issue on appeal is whether the beneficiary of a deed of trust encumbering property is entitled to the full condemnation award that resulted from a partial taking of a lot by the Department of Transportation. Appellants First Western Savings Association and First Western Financial Corporation (collectively First Western) are the beneficiary and trustee, respectively, of a deed of trust encumbering the property, and claim that they are entitled to all of the award under a provision of the deed. Respondent

Vegas Continental owns the lot, and joined by the original trustor, Leroy Corporation (collectively owners), contends that First Western should not be granted the condemnation award without a showing that the partial taking impaired the value of their security. The district court agreed and, finding no impairment of First Western's security, dismissed their claim with prejudice, certifying the issue for appeal pursuant to NRCP 54(b).

## THE FACTS

The facts are not disputed. Respondent Leroy Corporation originally owned the property at issue subject to a deed of trust in the amount of $1,104,000.00, dated April 1, 1966. This amount was increased by an additional $26,000.00 in 1967. Leroy Corporation sold its interest to Vegas Continental on April 1, 1969 for $1,716,000.00. The balance owing on the first trust deed was then $1,088,594.04.

The property is known as the Stewart Plaza Apartments and consists of twenty six-unit apartment buildings spread over 4.76 acres (207,345.6 square feet) of land in Las Vegas. The northwest corner of the property, 3,775 square feet, stood in the path of a planned freeway extension. In 1982, the State of Nevada, on relation of its Department of Transportation, condemned this corner portion, which includes a substantial part of one of the twenty apartment buildings. First Western and owners were among the defendants named in the complaint.

The state moved for immediate occupancy pursuant to NRS 37.100. The district court granted this motion contingent upon the deposit with its clerk of the property's appraised value of $162,500.00. Owners made an application to withdraw the award. See NRS 37.100(4). First Western opposed the application and filed a cross-complaint against owners, in which they claimed a contractual priority to the condemnation award based upon a clause in their deed of trust purporting to assign to them any award of damages in connection with a condemnation. Respondents moved to dismiss appellants' cross-claim, arguing that appellants had not shown that the value of their security was impaired.

In support of their motion, the owners submitted the report of an independent appraiser who had determined that the value of the complex before the taking was $3,350,000.00, while the value after the taking would be $3,100,000.00. The balance due First Western at the time of taking was $708,013.07. He valued the land and improvements taken at $154,110.00, with severance damages of $95,890.00.

The district court denied First Western's claim to the deposit and entered an order that "notwithstanding the provision of the Trust Deed, the said beneficiary's security had not been impaired

and Vegas Continental and Leroy Properties are entitled to said deposit.'' First Western's cross-claim was dismissed with prejudice, and this appeal followed.

## CONDEMNATION AWARD

First Western claims that under the assignment clause in the First Deed of Trust they are entitled to the entire condemnation award, regardless of the circumstances. With this we cannot agree. The clause upon which First Western relies provides that:

> any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to beneficiary who may apply or release such monies received by him in the same manner and with the same effect as above prescribed for disposition of proceeds of fire or other insurance.

We have already ruled that despite a clause similarly purporting to assign an entire condemnation award to a mortgagee or beneficiary of a deed of trust, the effectiveness of such a contract term is limited by the legal and equitable interest of the mortgagee or beneficiary in the award. Halfon v. Title Ins. & Trust Co., 97 Nev. 421, 634 P.2d 660 (1981)—(beneficiary entitled to award only to extent of deficiency remaining after trustee's sale). Similarly, here, we agree with the court below that the effectiveness of such a clause is limited to the extent to which a mortgagee or beneficiary can demonstrate that its security has actually been impaired. *See* Milstein v. Security Pacific National Bank, 103 Cal.Rptr. 16 (Cal.App. 1972).

We do not agree, however, with the court's determination that under the circumstances of this case First Western has failed to demonstrate an impairment of security which would entitle it to an apportionment of the award. Owners argue that First Western's security has not been impaired since the amount of the debt remaining is exceeded by the value of the property remaining to secure the debt after the taking. We agree with those who have noted that this ''debt equivalency'' analysis is unfair to lienholders and inconsistent with the reasonable expectations of the parties. *See* People ex rel. Dept. of Transportation v. Redwood, 149 Cal.Rptr. 11, 15-16 (Cal.App. 1978). *See also* K. Miller, ''Valuation of the Mortgagee's Interest Upon Partial Condemnation,'' 15 Loyola L.Rev. 227 (1982); H. Teague, ''Condemnation of Mortgaged Property,'' 44 Tex.L.Rev. 1535 (1966). We are not unaware that trust deed holders or mortgagees generally insist upon a reasonable margin of security over and above the original indebtedness, and commonly bargain for such margin to increase over the years. Accordingly we are of the view that a more reasonable and equitable measure of the impairment of security

of a mortgagee or trust deed holder is the extent to which the actual margin of security is affected at the time of the taking.

In this case, it is undisputed that at the time of the taking, First Western held a trust deed upon property worth $3,350,000.00, which secured a debt then amounting to $708,013.07. As a result of the taking, however, the value of the property securing that debt was reduced, by an amount which is still in dispute, but which owners contend may be $250,000.00. It is apparent that the margin or ratio of secured debt to the property securing the debt has been reduced accordingly. Using respondents' figures, the value of the property exceeded the debt at the time of the taking by a ratio of 4.73 to 1, while after the taking it exceeded the debt by only 4.38 to 1. In order to maintain the same ratio or margin after the taking, the debt owed to First Western would have to be reduced by $52,836.79.[1] First Western would accordingly be entitled to that amount from the compensation award. Since, however, the actual reduction in value of the property and amount of the condemnation award remain to be litigated, we will leave the final calculations to the court below.

## CONCLUSION

We therefore conclude that a mortgagee or a trust deed holder is entitled to enforce an assignment clause regarding a condemnation award to the extent that it can show that its security has been impaired, by demonstrating that the margin of security, or ratio of the property securing the debt to the amount of the debt remaining, is decreased by the condemnation.

We therefore reverse the judgment dismissing appellants, and remand this case to the district court for further proceedings in accordance with this opinion.

---

[1] *See Redwood, supra* at 30, n. 18:

Where "X" is the amount the post-take secured debt must be to restore the pre-take ratio:

$$\frac{\text{Debt at time of taking}}{\text{Value of property at time of taking}} = \frac{\text{Value of property}}{\text{Value of property after taking}}$$

$$\frac{\text{Debt at time of taking}}{} = \frac{}{\text{X}}$$

$$\frac{\$3,350,000.00}{\$708,013.07} = \frac{\$3,100,000.00;}{\text{X}} \quad \text{X} = \$655,176.28$$

This figure is then subtracted from the debt of $708,013.07, resulting in the required award of $52,836.79.