Lane DUNCAN, Plaintiff,

v.

FIRST AMERICAN TITLE COMPANY OF NEVADA, Robert William Souza, Pauleta E. Souza, Walter Elmer Souza, Velma Lee Souza, Elgin Eugene Souza, Naomi Pearl Souza, and William F. Souza, Defendants.

No. CV–R–86–74–ECR.

United States District Court, D. Nevada.

Oct. 21, 1986.

Paul J. Malikowski, Carson City, Nev., for plaintiff.

William Patterson Cashill, Reno, Nev., for defendants Souza.

No appearance has been made by First American Title Co. of Nev.

ORDER

EDWARD C. REED, Jr., Chief Judge.

FACTS

Plaintiff in this diversity action moves the Court for a preliminary injunction preventing the defendants from foreclosing on his property. The facts of this case are discussed in Magistrate Atkins' Report and Recommendation. Briefly stated, this case involves an alleged breach of a deed of trust secured by property known as the Flying "M" Ranch. The deed of trust was entered into by the plaintiff, the trustor, and the Souzas, defendants herein in connection with an installment note and the sale of the ranch. It provides, in relevant part:

[The Trustor agrees] to comply with all laws affecting said property ... not to commit or permit waste thereof, not to commit [sic] suffer or permit any act upon said property in violation of law ...

Defendants' notice of breach and default states that the trustor's mismanagement of the ranch and his repeated violation of the Bureau of Land Management's, (BLM), regulations, have caused the cancellation of a lease and a reduction in BLM grazing rights. It is alleged that these losses have impaired the value of the security.

The Magistrate recommended that the preliminary injunction be granted provided that plaintiff pre-pay $68,000 on the installment note. Plaintiff has expressed his willingness to do so. The Magistrate also found that the defendants' motion for an increase in plaintiff's bond should be denied. The defendants have filed objections to the Magistrate's report and recommendation. After conducting a *de novo* review of the record, the Court agrees with most of Magistrate Atkins' report and recommendation.

DISCUSSION

In determining whether a preliminary injunction should issue, a court must apply one of the two following tests:

1. The court must find that the moving party (a) will suffer irreparable injury if injunctive relief is not granted, (b)

there is substantial likelihood that the moving party will succeed on the merits, (c) in balancing the equities the non-moving party will not be harmed, and (d) granting injunctive relief is in the public interest; *or*

2. The moving party must demonstrate (a) either a combination of probable success on the merits and (b) the possibility of irreparable harm, *or* (a) that serious questions are raised and (b) the balance of hardship tips sharply in his favor.

*City of Tenakee Springs v. Block,* 778 F.2d 1402, 1407 (9th Cir.1985); *Martin v. International Olympic Committee,* 740 F.2d 670, 674–5 (9th Cir.1984); *Sports Form, Inc. v. United Press International, Inc.,* 686 F.2d 750, 753 (9th Cir.1982); *Wright v. Rushen,* 642 F.2d 1129, 1132 (9th Cir.1981) and cases cited therein.

The Magistrate applied the last part of the alternate test and found that the balance of hardships tips decidedly in favor of the plaintiff. This finding was not objected to and will be adopted by the Court. Plaintiff must also show as an irreducible minimum that there is a fair chance of success on the merits or that there are questions serious enough to require litigation. *Sports Form, supra,* at 753.

At trial, the defendants will have the burden of proving that security for the debt was impaired. *Manke v. Prautsch,* 81 Nev. 268, 401 P.2d 684 (1965). According to the Magistrate, there are serious questions as to whether any acts of neglect of the plaintiff have impaired the security to a sufficient extent to warrant foreclosure. The defendants contend that fault is irrelevant and that the only issue is whether their security has been impaired. The Magistrate was correct, however, as the deed of trust speaks of waste or violation of law, both of which require an attribution of fault to plaintiffs. Defendants are bound by the terms of the deed of trust. Moreover, they are bound by the statement of the deficiency in performance contained in their notice of breach and default. *See* NRS § 107.080(3).

Therefore, the Court agrees with the Magistrate that if the plaintiff was not responsible for the cancellation of the lease or for the declining market value of the farm, these factors could not be raised by the defendants to show a breach of the deed of trust. Since there was no showing of fault, the Court finds that there are serious questions with respect to these events.

The Magistrate found, however, that the loss of BLM grazing rights was caused by plaintiff's repeated violations of BLM regulations. According to the figures supplied by the defendants' expert, this impaired the value of the security by $20,000 (the Court notes that this figure should be $25,000, *see* MRR–8:8).

Despite finding a violation of the deed of trust, the Magistrate found that foreclosure was not warranted. Following *First Western Financial v. Vegas Continental,* 100 Nev. 710, 692 P.2d 1279, 1281 (1984), the Magistrate found that if the plaintiff makes an advance $68,000 payment to the defendants to be credited to the next installment payment to fall due on the deed of trust, the present ratio of secured debt to property secured would be approximately the same as it was when the deed of trust was entered into. This test was previously approved of by this Court in *Women's Federal Savings and Loan v. Nevada National Bank,* 607 F.Supp. 1129, 1134–35 (D.Nev.1985). The Court finds that the Magistrate properly applied the test in this case and the defendants have not objected on this point. Therefore, the Court agrees with the Magistrate's conclusion.

The defendants do object, however, to the values used by the Magistrate in calculating the ratio of secured debt to property secured. First, defendants claim that the Magistrate's finding that the impairment of their security was partly due to market forces was in error. Second, that the Magistrate should not have relied on the plaintiff's assessment of the value of the ranch. And third, the Magistrate erred in including the cost of a well installed by plaintiff

in her computation of the value of the ranch.

The first two objections are not well taken. In her calculation, the Magistrate used figures supplied by the defendants' expert in finding the value of the ranch (MRR–24:26–25:1–11). There is no implication that either of these alleged errors influenced the Magistrate's finding. It is clear, however, that the Magistrate found that serious questions were raised by the expert's exclusion of the well in his appraisal of the ranch. The expert stated that he did not include the value of the well in his appraisal of fair market value because, although it enhanced marketability, it has not been put to beneficial use (MRR–10:12). The Court finds this explanation unsatisfactory because if the ranch's marketability is enhanced by the existence of the well, then its market value should be increased as well. Therefore, there are serious questions about whether the well should be included. The defendants also claim that plaintiff lied about the cost of the well. Defendants propose to offer certain evidence intended to prove this contention. There has been no showing that this evidence could not have been discovered previously and presented at the hearing before the Magistrate. Therefore, the Court will not consider it.

After conducting its review of the record, the Court finds that the preliminary injunction should issue. The Magistrate's recommendation, however, will be modified with respect to the $68,000 payment. The Court will order that if the plaintiff does not make this payment within 20 days of this order, the preliminary injunction shall be dissolved.

IT IS, THEREFORE, HEREBY ORDERED that the plaintiff's motion for preliminary injunction is GRANTED and a preliminary injunction shall issue forthwith.

IT IS FURTHER ORDERED that if the plaintiff does not make a pre-payment to the defendants of at least $68,000 within twenty 20 days, the preliminary injunction shall be dissolved.