R. PAUL SORENSON AND LAS VEGAS OUTDOOR ADVERTISING, APPELLANTS, *v.* THE STATE OF NEVADA, ON RELATION OF ITS DEPARTMENT OF HIGHWAYS, RESPONDENT.

No. 8155

July 22, 1976          552 P.2d 487

*Kermitt L. Waters,* Las Vegas, for Appellants.

*Robert List, Attorney General,* and *Susan M. Trager,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

In 1965 appellant Sorenson purchased a 7000 square foot

parcel of real estate adjacent to a proposed freeway route—Interstate 15—in Las Vegas. The following year the state condemned, and purchased for a nominal sum, 42 square feet of the Sorenson land.

Thereafter, in June 1966, Sorenson negotiated a lease agreement with Las Vegas Outdoor Adveristing for a billboard type sign to be placed on the freeway frontage portion of the remaining land. The lease, which was for 15 years with a 5 year option, provided for rental payments of $500.00 per month, to commence 30 days after the issuance of the appropriate construction permit and upon the completion of the freeway.

The freeway had neither been completed, nor had the construction permit issued when, in 1972, the state condemned the remainder of Sorenson's 7000 square foot parcel. The record zoning was then for multiple-residential use. The parties could not agree on the amount of compensation appellants should receive for the property and this litigation followed.

At trial it was not contested that re-zoning or variance—for billboard use—could routinely be obtained.

The trial judge, after rejecting the valuation and use testimony presented by appellants, found that the highest and best use of the property was multiple-residential, as it was then "officially" zoned. There was no other proof supporting such use. He also ruled the Sorenson-Outdoor lease invalid and entered a $4200.00 award for the property.[1] The monetary award was predicated on testimony by the state's "expert witness" who assigned the property a value of $4200.00, an amount substantially less than Sorenson had paid for the property in 1965.

Although several errors are assigned we need only consider the contention that the trial judge committed prejudicial error in ruling that the highest and best use of the condemned land was multiple-residential.

In arriving at the $4200.00 valuation the state's expert witness admitted that he did not take into account possible zoning changes, and admitted that his testimony of value would have been higher, had he done so. Neither did the state's expert consider unchallenged evidence that in the Las Vegas Master Plan the Sorenson property is zoned industrial; nor, the testimony of David Brown, a Las Vegas City Planner, which established that because of the Master Plan a change of zoning from R–4

---

[1] In view of our disposition of the appeal we need not, and therefore do not, express an opinion as to whether the executory lease with Las Vegas Outdoor Advertising is compensable.

to industrial would be routine. Furthermore, one of the findings of fact by the trial judge was that "... *at all times material to this action, said property ... was reasonably subject to re-zoning to industrial use.*" (Our emphasis.)

It is clear from the record that the highest and best use of the property is industrial, not multiple-residential as found by the trial judge. Our constitution commands that private property shall not be taken for public use without just compensation. Const. of Nev., Art. I, § 8. The word "just" is used to intensify the meaning of the word "compensation" and conveys the idea that the equivalent to be rendered for the property taken shall be real, substantial, full and ample. Tacchino v. State ex rel. Dep't Hwys., 89 Nev. 150, 508 P.2d 1212 (1973). It is for this reason that the property to be condemned must be valued in the light of its highest and best use. The failure to do so cannot be deemed harmless error. Accordingly, we reverse and remand for another trial.

BATJER, ZENOFF, and MOWBRAY, JJ., and HAYES,[2] D. J., concur.

---

[2]The Governor, pursuant to Article VI, § 4 of the Constitution, designated District Judge Keith C. Hayes to sit in the place of Mr. Chief Justice Gunderson, who voluntarily disqualified himself and took no part in this decision.