EUGENE WARNER, Appellant, *v.* EASTMAN DILLON, UNION SECURITIES & CO.; MULTINATIONAL INDUSTRIES; NATIONWIDE REGISTRAR AND TRANSFER AGENCY, INC.; ENTERPRISE SECURITIES, and MEL RICHARDS, Respondents.

No. 8417

December 21, 1976                    558 P.2d 540

*R. Paul Sorenson,* of Las Vegas, for Appellant.

*Smith & O'Brien; Jones & Barfield; George E. Marshall;* and *Ashleman, Sabbath & Rohay,* of Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Eugene Warner owned 40,000 shares of stock of Multinational Industries. On October 4, 1971, Warner instructed a broker at Eastman Dillon, a national stock brokerage firm, to sell the shares, in small lots, for the best price available. When the initial sales caused an abrupt drop in the price of the stock, the broker learned—through inquiries—the stock was nontransferable, even though such restriction did not appear on the certificates. The broker canceled the sales made and declined to make further offers. Warner was so notified by mail.

Warner then brought this action against Eastman Dillon and the other named defendants, alleging Eastman Dillon had been negligent in its handling of his stock and that they and the other defendants had conspired to prevent a successful sale of the stock. At the close of Warner's case, the district judge granted the defendants' motion to dismiss for failure to prove a sufficient case pursuant to NRCP 41(b).

Warner appeals on two theories: (1) that respondents waived their right to such a motion by presenting a defense witness, "out of order," during the appellant's case-in-chief; and, (2) that he had presented sufficient evidence. We reject both theories and affirm the decision of the lower court.

1. A defendant may bring a motion to dismiss at the close

of plaintiff's case. NRCP 41(b).[1] The rule does not specifically require him to do so before presenting evidence himself. In determining whether to grant a motion to dismiss, the court is required to accept as true all evidence and reasonable inferences therefrom presented by the plaintiff. Gunlock v. New Frontier Hotel, 78 Nev. 182, 370 P.2d 682 (1962). The court was, therefore, bound to disregard any contradictory evidence presented by the defense during the case-in-chief, whether by cross-examination or by direct testimony of a defense witness.

Warner has neither suggested nor shown prejudice as a result of the "out of order" testimony which had been permitted for the convenience of the witness. Even if we assume prejudice, Warner did not object at the time the testimony was given; therefore, he waived any right to now complain. Richfield Oil Corp. v. Harbor Ins. Co., 85 Nev. 185, 452 P.2d 462 (1969); Karns v. State Bank & T. Co., 31 Nev. 170, 101 P. 564 (1909).

2. Warner's second theory is equally without merit. Notwithstanding the favorable inferences granted in considering a motion to dismiss, Warner totally failed to present enough evidence to establish a *prima facie* finding of negligence by Eastman Dillon, or that the several respondents conspired to destroy the value of the stock. Dodd v. Cowgill, 85 Nev. 705, 463 P.2d 482 (1969); Long v. Flanigan Warehouse Co., 79 Nev. 241, 382 P.2d 399 (1963).

Affirmed.

---

[1]NRCP 41(b) provides, in part:

". . . After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has failed to prove a sufficient case for the court or jury."