THE TAHOE HIGHLANDER, a NEVADA CORPORATION; DONALD B. STEINMEYER AND MARLENE STEIN-MEYER, APPELLANTS AND CROSS-RESPONDENTS, *v.* WESTSIDE FEDERAL SAVINGS AND LOAN ASSOCIATION; GREAT WESTERN UNION SAVINGS AND LOAN ASSOCIATION, RESPONDENTS AND CROSS-APPELLANTS.

No. 9944

January 12, 1979                                    588 P.2d 1022

*Woodburn, Wedge, Blakey and Folsom,* and *William E. Peterson,* Reno, for Appellants and Cross-Respondents.

*Wilson, Pereos & Henderson,* Reno, for Respondents and Cross-Appellants.

## OPINION

*Per Curiam:*

On November 24, 1975, respondents foreclosed upon a deed of trust executed by appellant Tahoe Highlander. The deed of trust encumbered a 75-unit apartment complex at Incline Village, Nevada, and was given as security for a $1,400,000 promissory note to respondents' assignor. The promissory note was also personally guaranteed by appellants Donald and Marlene Steinmeyer.

On January 24, 1976, respondents commenced this action, pursuant to NRS 40.455, seeking a deficiency judgment against appellants for the amount by which the total indebtedness exceeded the fair market value of the property at the time of the foreclosure sale.[1] The district court scheduled a hearing on the matter, as required by NRS 40.457.[2] Prior to the hearing, each side employed a real estate appraiser to value the apartment complex as of the date of the foreclosure sale. At the hearing, appellants' appraiser testified that the highest and best use of the property was as a cooperative housing complex, and computed the fair market value at $1,712,000. Respondents' appraiser testified that the highest and best use of the property was as an apartment complex, and computed the fair market value at $1,135,000.

At the conclusion of the hearing, the district court found the total indebtedness to be $1,607,909 and concluded that the fair market value at the time of the foreclosure sale was $1,450,000. Accordingly, the district court, as required by NRS 40.459, awarded respondents $157,909 (the difference between the indebtedness and the fair market value of the property), plus

---

[1]NRS 40.455 provides:

"Upon application of the judgment creditor or the trustee within 3 months from the date of the foreclosure sale or the trustee's sale held pursuant to NRS 107.080, respectively, and after the hearing conducted under NRS 40.457, the court may award a deficiency judgment to the judgment creditor or trustee if it appears from the sheriff's return or the recital of consideration in the trustee's deed that there is a deficiency of sale proceeds and a balance remaining due to the judgment creditor or the trustee, respectively."

[2]NRS 40.457 provides, in pertinent part:

"1. Before awarding a deficiency judgment under NRS 40.455, the court shall hold a hearing and shall take evidence presented by either party concerning the fair market value of the property sold as of the date of foreclosure sale. . . ."

interest and attorney's fees.[3] Both parties appealed from the judgment.

Appellants contend the evidence does not support the district court's determination of the property's fair market value. Their contention is based upon the assumption that fair market value is determined solely by the property's highest and best use.[4] We disagree.

Although highest and best use may be determinative of value for purposes of condemnation, *see* Sorenson v. State ex rel. Dep't of Hwys., 92 Nev. 445, 552 P.2d 487 (1976), it is but one factor to be considered in ascertaining the property's fair market value for purposes of deficiency judgment proceedings. *See* Union Nat. Bank of Pittsburgh v. Crump, 37 A.2d 733 (Pa. 1944). Accordingly, the district court, in exercise of its discretion, could properly consider the experts' testimony relative to highest and best use, along with the rest of the evidence in the record, in determining the fair market value of the property. Where, as here, that determination is supported by substantial evidence, it will not be disturbed on appeal. *Id; see also* Briggs v. Zamalloa, 83 Nev. 400, 432 P.2d 672 (1967).

On cross-appeal respondents contend the testimony of appellants' expert should have been disregarded since his appraisal was based, in part, upon market factors which occurred after the date of the foreclosure sale. Respondents' failure to object to this testimony at trial precludes appellate review of this issue. *See* Warner v. Dillon, 92 Nev. 677, 558 P.2d 540 (1976).

Other issues raised by the parties are without merit.

The district court judgment is affirmed.

---

[3] NRS 40.459 provides:

"After the hearing under NRS 40.457, the court may award a money judgment against the defendant or defendants personally liable for the debt. The court shall not render judgment for more than the amount by which the amount of indebtedness which was secured by the mortgage, deed of trust or other lien at the time of the foreclosure sale or trustee's sale, as the case may be, exceeded the fair market value of the property sold at the time of such sale, with interest from the date of such sale. In no event shall the court award such judgment, exclusive of interest after the date of such sale, in an amount exceeding the difference between the amount for which the property was actually sold at the foreclosure sale or trustee's sale and the amount of indebtedness which was secured by the mortgage, deed of trust or other lien at the time of such sale."

[4] Appellants contend that where, as here, rival experts offer disparate opinions as to the property's highest and best use, the court must select one use and value the property on the basis of evidence adduced as to that use. Thus, they conclude, the court's valuation at a sum between the two experts' valuations is in error.