SKYLAND WATER CO., a Nevada Corporation, Appellant and Cross-Respondent, *v.* TAHOE-DOUGLAS DISTRICT, Respondent and Cross-Appellant.

No. 8995

April 26, 1979          593 P.2d 1066

*Guild, Hagen & Clark,* and *Thomas J. Hall,* Reno, for Appellant and Cross-Respondent.

*Lester H. Berkson,* Stateline, for Respondent and Cross-Appellant.

## OPINION

By the Court, BATJER, J.:

Appellant is the owner of lakefront lots 32 and 33 in Skyland Subdivision at Lake Tahoe. The instrument vesting appellant with title to these lots is a 1960 deed executed by appellant and Stockton Garden Homes. The lots are encumbered by deed reservations and restrictions which provided that they could be used by present and future owners of lots within Skyland Subdivisions No. 1 and 2 for beach and recreational purposes and for access to the waters of Lake Tahoe. The deed also provided that beach and recreational use was not to interfere with appellant's then existing or future water pumping operations on lots 32 and 33. Finally, the deed stated that "no right hereby reserved shall authorize [Stockton Garden Homes] or any lot owner in any of said subdivision to erect or maintain any structure on [lots 32 and 33]." The district court's interpretation of these reservations and restrictions constitutes the central issue in this appeal.

In January of 1974, respondent commenced eminent domain proceedings to take a portion of lot 33 for construction of a sewer pump. In July of 1975, a trial by court was held to determine the amount of compensation appellant was to receive as a result of the taking. At the conclusion of trial, the court found that: (1) for purposes of eminent domain, lots 32 and 33 should be considered one parcel of land; and, (2) the deed created an easement granting lot owners in Skyland Subdivisions No. 1 and 2 affirmative rights of access and beach use, and created a restriction that prohibited building on lots 32 and 33 by any lot owner, including the owners of lots 32 and 33. Although there was no finding that the deed was ambiguous as to the geographic extent of the restrictions, the district court, based upon extrinsic evidence, interpreted the deed to provide that the right of beach use and, therefore, the building restriction, applied only to that portion of lots 32 and 33 physically adapted to beach use. The court concluded that the portion of lot 33 taken by respondent was not physically adapted to beach use and therefore, was not restricted as to building.

Accordingly, the district court awarded appellant $34,500 for the land taken by respondent, that sum being the fair market value of the land for its highest and best use, which the

district court determined was unrestricted residential property. In addition, the trial court awarded $1,500 as severance damages for the diminution of value of the portion of lots 32 and 33 not taken. The court reasoned that because the entirety of this remainder was restricted by the right of beach use and the prohibition against building, the diminution in value was insubstantial. The court made a further award of $1,000 as consequential damages caused by noise and odor emanating from the sewer pump.

Whether the district court erred in its determination that legal restrictions on the use of land (1) should be considered in fixing the value of land for condemnation purposes, and (2) were applicable only to a portion of lots 32 and 33, are the issues before us on this appeal and cross-appeal.

1. Appellant contends the trial court erred by giving consideration to legal restrictions imposed on lots 32 and 33 by the 1960 deed in determining the value of the property for condemnation purposes. We disagree.

Private property may not be taken by eminent domain without "just compensation." Nev. Const. art. 1, § 8. We have previously interpreted "just compensation" to require that property be valued in light of its highest and best use. Sorenson v. State ex rel. Dep't of Hwys., 92 Nev. 445, 552 P.2d 487 (1976). In determining this value, the finder of fact may consider such factors as would be considered by a prudent businessperson before purchasing such property. State v. Shaddock, 75 Nev. 392, 344 P.2d 191 (1959). One of the factors to be considered in determining the value of property for condemnation purposes is the property's possible legal uses and, therefore, the district court could properly consider the restrictions on lots 32 and 33 in determining the value of the property. See Staninger v. Jacksonville Expressway Authority, 182 So.2d 483 (Fla.App. 1966); State v. Reece, 374 S.W.2d 686 (Tex.Civ.App. 1964).

2. Respondent, on cross-appeal, argues that the district court erred in its determination that the restrictions found in the 1960 deed were applicable to only a portion of lots 32 and 33. We agree.

This court has previously held that where language in a deed creating an easement is clear and unambiguous, the language is not subject to judicial interpretation and should be enforced as written. Cox v. Glenbrook Co., 78 Nev. 254, 371 P.2d 647 (1962). This is in accord with the weight of authority which

dictates that construction of the terms of a deed is predicated upon a finding of ambiguity in the deed. *See, e.g.,* Gardner v. Fliegel, 450 P.2d 990 (Idaho 1969); Kelly v. Lovejoy, 565 P.2d 321 (Mont. 1977). In the instant case, the deed clearly indicates that the geographic extent of the rights for access to the waters of Lake Tahoe, and for beach and recreational purposes, as well as the building prohibitions, pertain to the whole of lots 32 and 33.[1] Thus, it was error for the district court to consider extrinsic evidence in determining the geographic extent of the restrictions. The district court was obliged to consider the deed restrictions as written. *Cf.* Kelly v. Lovejoy, *supra.*

Accordingly, we order the judgment reversed and the case remanded to the district court for a new trial. At the new trial, the damages, if any, to which appellant may be entitled should be limited by the legal restrictions set forth in the deed. Thus,

---

[1]The deed provided, in pertinent part:

"That the said party of the first part [Stockton-Garden Homes], in consideration of the sum of Ten Dollars ($10.00), lawful money of the United States of America, to it in hand paid by the said party of the second part, the receipt of which is hereby acknowledged, does by these presents grant, bargain and sell unto the said party of the second part [Skyland Water Co., appellant herein], and to its successors and assigns forever, those certain lots or parcels of land situate in the County of Douglas, State of Nevada, described as follows:

Lots 32 and 33, as shown on the map of SKYLAND SUBDIVISION NO. 1, filed in the office of the County Recorder of Douglas County, Nevada, on February 27, 1958

"TOGETHER with the tenements, hereditaments and appurtenances thereunto belonging or appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof

"TO HAVE AND TO HOLD the said premises, together with the appurtenances, unto the party of the second part, and to its successors and assigns forever. RESERVING, however, to the party of the first part the perpetual right to use in common with all other present and future owners of lots within SKYLAND SUBDIVISION NO. 1, as shown on the map thereof filed in the office of the Recorder of Douglas County, Nevada, on February 27, 1958, and within SKYLAND SUBDIVISION NO. 2, as shown on the map thereof filed in the office of the Recorder of Douglas County, Nevada, on July 22, 1959, for access to the waters of Lake Tahoe and for beach and recreational purposes. Such uses are to be enjoyed by such lot owners, their families, lessees, tenants and his or their guests, with due regard to the rights of others entitled to such privileges, and under such regulations as may from time to time be reasonably established by second party, or its successors, for the use or enjoyment of said property; provided, however, that no right hereby reserved shall in any way interfere with the pumping plant now installed on the property hereby conveyed nor shall any right hereby reserved in any way restrict the rights of second party to enlarge, repair or replace said pumping plant or anything appurtenant thereto, or to construct, or enlarge any building or structure used in connection therewith, and provided further that no right hereby reserved shall authorize first party or any lot owner in any of said subdivision to erect or maintain any structure on the premises hereby conveyed."

the appellant may demonstrate the effect of the taking on the continuation and expansion of its pumping operation, as well as any damage appellant suffers as a lot owner to its rights of access to the waters of Lake Tahoe and for beach and recreational purposes. In view of our disposition of this case, we deem it inappropriate to express an opinion with regard to any other issues raised by the appeal, and cross-appeal, herein.

MOWBRAY, C. J., and GUNDERSON, J., and BABCOCK, D. J.[2], and BREEN, D. J.[3], concur.