**KENNEBEC SAVINGS BANK**

v.

**Richard N. CHANDLER.**

Supreme Judicial Court of Maine.

Argued May 14, 1982.
Decided July 23, 1982.

---

**3.** *See Maine Sugar Industries, Inc. v. Maine Industrial Building Authority*, Me., 264 A.2d 1, 4 (1970) (justiciable controversy).

Sanborn, Moreshead, Schade & Dawson, Charles S. Belsky (orally), Peter T. Dawson, Augusta, for plaintiff.

Hufnagel & Lake, William F. Hufnagel (orally), Winthrop, for defendant.

Before McKUSICK, C. J., and GOD-FREY, NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

NICHOLS, Justice.

In this appeal we confront a novel question of interpretation of the statutes providing for judicial foreclosure of mortgages, which statutes were enacted by the Legislature seven years ago. The critical language does not appear to follow the statute of any other jurisdiction.

On November 24, 1981, the Superior Court (Kennebec County) entered judgment for the Plaintiff, Kennebec Savings Bank, in the amount of $3,202.79 after granting the Bank's motion for assessment of deficiency and for issuance of execution in this consolidated civil action for foreclosure. On this appeal, the Defendant, Richard M. Chandler, challenges the amount of the deficiency judgment, alleging error in the Superior Court's determination of the fair market value of the mortgaged property at the time of the public sale.

We affirm the judgment.

On June 30, 1978, the Defendant executed two real estate mortgages, one of property at 24 Sewall Street and one of property at 26–26½ Sewall Street in Augusta, as security for two promissory notes, each in the amount of $56,900. The Defendant made no payments after October 6, 1980, on either of the promissory notes and the Plaintiff, on January 20, 1981, and February 2, 1981, filed in Superior Court complaints for foreclosure of the two mortgages pursuant to 14 M.R.S.A. § 6321. On June 1, 1981, the Superior Court granted the motion to consolidate and approved a judgment of foreclosure of the two mortgages by agreement for docket entry.

At the public sale, held on September 30, 1981, which was after the expiration of the redemption period, the Plaintiff, as highest bidder, purchased both properties for a total of $84,000.00. The Defendant's indebtedness on the two promissory notes at the time of the public sale totaled $123,202.79. On October 23, 1981, the Plaintiff moved for assessment of deficiency and issuance of execution, pursuant to 14 M.R.S.A. § 6324, in the amount of $11,202.79, together with interest and costs.

At the hearing on this motion, the Plaintiff presented the testimony of John Sexton, an independent appraiser of real estate. He placed the fair market value of the mortgaged property at $112,000. The appraisal offered by the Defendant's independent appraiser, Norman Gosline, was $143,250. The presiding justice found $120,000 to be the fair market value of the mortgaged property, and a deficiency judgment was issued accordingly.

The Defendant first argues that 14 M.R.S.A. § 6324 requires the Superior Court to adopt an independent appraiser's opinion of the fair market value of the mortgaged property without any modification whatsoever. We find no statutory basis for such a limitation upon the Court's fact-finding authority.

In a civil action for foreclosure, any deficiency is assessed in accordance with 14 M.R.S.A. § 6324.[1] This statute limits the amount of the deficiency in cases where the mortgagee has been the purchaser at the public sale. See Statement of Fact, Committee Amendment A to H.P. 773, L.D. 918 (1981). In those cases, the deficiency is limited to "the difference between the fair market value of the premises at the time of the public sale, as established by an independent appraisal and the sum due the mortgagee as established by the court with interest" plus expenses of the sale.

In a civil action for foreclosure, the mortgagee is entitled to recover the amount of the mortgage debt plus certain costs and expenses as enumerated in 14 M.R.S.A. §§ 6322, 6324 (1980). Id. § 6322. See Gelfert v. National City Bank of New York, 313 U.S. 221, 233, 61 S.Ct. 898, 902, 85 L.Ed. 1299 (1940); Honeyman v. Jacobs, 306 U.S. 539, 542–43, 59 S.Ct. 702, 703–704, 83 L.Ed.

972 (1938). If a mortgagee purchases the property at a price below the property's fair market value, and obtains a deficiency judgment that is based upon the sale price of the property, he would recover more than the amount due on the mortgage.

The purpose of the provision in 14 M.R.S.A. § 6324, that an independent appraisal be used to establish the fair market value of the property at the time of the sale, is to ensure that the court's determination of fair market value is based upon objective and, arguably, more accurate data. Where, as here, the mortgagee is the highest bidder at the public sale, the sale price might not accurately reflect the fair market value of the property.[2]

Where the court bases its determination of the deficiency judgment upon objective data of the property's fair market value, the statutory provision "as established by an independent appraisal" is satisfied. See Tahoe Highlander v. Westside Federal Savings and Loan Association, 95 Nev. 8, 11, 588 P.2d 1022, 1024 (1979). As was the case here, the objective data may have been obtained from the reports and testimony of one or more independent appraisers. The court need not accept in full or in part the conclusions of the independent appraisers who testify as to the fair market value of the mortgaged property. In establishing the property's fair market value, the court may evaluate and weigh those expert opinions and the data which support them. See Merrill Trust Company v. State, Me., 417 A.2d 435, 441 (1980); Qualey v. Fulton, Me., 422 A.2d 773, 775 (1980); Union National Bank of Pittsburgh v. Crump, 349 Pa. 339, 342–43, 37 A.2d 733, 735 (1944).

1. 14 M.R.S.A. § 6324 provides in pertinent part:

Any deficiency shall be assessed against the mortgagor and an execution shall be issued by the court therefor. In the event the mortgagee has been the purchaser at the public sale, any deficiency shall be limited to the difference between the fair market value of the premises at the time of the sale, as established by an independent appraisal, and the

sum due the mortgagee as established by the court with interest plus the expenses incurred in making the sale.

2. See generally, Washburn, The Judicial and Legislative Response to Price Inadequacy in Mortgage Foreclosure Sales, 53 S.Cal.L.Rev. 843 (1980); 3 R. Powell, The Law of Real Property ¶ 473 (1979).

The Defendant next argues that evidence in the record does not support the presiding justice's determination of $120,000 as the fair market value of the property.

We review for clear error the finding of fact as to fair market value. M.R. Civ.P. 52(a). No such error appears. The presiding justice was presented with details about the economic approaches considered and used by the appraisers, and about the data supporting their conclusions. His conclusion as to fair market value of the mortgaged property has adequate support in the record.

The entry, therefore, is:

Appeal denied.

Judgment affirmed.

All concurring.