12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard H. HAZEN, Plaintiff-Appellant,
v.
PRUDENTIAL SECURITIES, INC., Defendant-Appellee.
 No. 92-15882.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1993.*
Decided Nov. 18, 1993.
 
 Before: THOMPSON and O'SCANNLAIN, Circuit Judges, and NIELSEN, District Judge.**
 MEMORANDUM***
 OVERVIEW
 In his complaint filed in the district court, Howard H. Hazen alleged that Prudential Securities, Inc. was negligent in transferring his security accounts, and breached its fiduciary duty by failing to keep him informed and divulging confidential information. The district court dismissed the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) and denied Mr. Hazen's request to amend his complaint. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm the district court's dismissal of the fiduciary claim, but reverse the dismissal of the negligence claim and remand for further proceedings.
 FACTUAL BACKGROUND
 Mr. Hazen maintained two securities trading accounts each of a value in excess of $500,000. The accounts were in Oshkosh, Wisconsin with Thomson McKinnon Securities, a firm that merged with Prudential Securities, Inc. in late summer and fall of 1989.
 In August 1989, Mrs. Hazen instituted a divorce proceeding. Mr. Hazen denied any knowledge of the divorce proceedings until after October 31, 1989. He moved from Wisconsin to Nevada however, by September 6, 1989. On that same day he wrote to McKinnon requesting that his two accounts be transferred to Prudential's office in Las Vegas, Nevada as expeditiously as possible.
 In early September he alleges that he informed his representative at McKinnon that he intended to liquidate his holding of some common stock and it was imperative that his accounts be transferred expeditiously. On several occasions in early October 1989 he allegedly also informed his Prudential representative in Nevada of his plan to liquidate the stock holdings and demanded transfer of the accounts.
 In mid to late October 1989, Mrs. Hazen served a subpoena duces tecum and notice of taking deposition of the Prudential office manager in Appleton, Wisconsin, requiring information regarding Mr. Hazen's accounts. The manager was deposed on October 30, 1989 and provided the requested records. Mr. Hazen was not informed by Prudential of the proceedings and was not represented at the deposition.
 Mr. Hazen contends that between September 8 and October 25-31, 1989, Prudential refused to permit the liquidation of his accounts. Mr. Hazen does not allege that he requested the holdings be liquidated at any particular time during this period.
 On October 31, 1989 Mr. Hazen alleged he was notified by Prudential that his accounts had been transferred and he could resume trading. He alleges that he ordered most of his holdings liquidated on October 31, at a substantial loss from what he would have received had they been liquidated on September 9, 1989.
 At an unknown time, Mr. Hazen also alleged that Prudential disclosed to Mrs. Hazen that he was in the process of liquidating his accounts. The information contained in the uncrossed deposition and this confidential information regarding liquidation was allegedly the basis for an ex parte temporary restraining order issued by the Wisconsin court on November 1, 1989, which blocked Mr. Hazen from liquidating at least one-half of the declining securities.
 DISCUSSION
 A district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is reviewed de novo. Abrahamson v. Brownstein, 897 F.2d 389, 391 (9th Cir.1990); Love v. United States, 915 F.2d 1242, 1244 (9th Cir.1989). Fed.R.Civ.P. 12(b)(6) provides for dismissal of causes of action for "failure to state a claim upon which relief can be granted...." Fed.R.Civ.P. 12(b)(6). The issue is not whether Mr. Hazen is likely to succeed on the merits, but only if the complaint is legally sufficient to entitle him to proceed beyond the pleadings and attempt to establish his claim. De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir.1978), cert. denied, 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). The district court's dismissal is affirmed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).
 CLAIM OF NEGLIGENCE. Mr. Hazen cites four cases in support of his preliminary contention that a stockbroker's failure to deliver stock is a judicially recognized cause of action. Siedman v. Merrill, Lynch, Pierce, Fenner and Smith, Inc., 465 F.Supp. 1233 (S.D.N.Y.1979); Kaufman v. Diversified Industries, Inc., 460 F.2d 1331 (2d Cir.), cert. denied, 409 U.S. 1038, 93 S.Ct. 517, 34 L.Ed.2d 487 (1972); Shearson Loeb Rhoades, Inc. v. Medlin, 468 S.2d 272 (Fla.1985); Englehart v. Cassatt, 157 A. 256, 305 Pa. 117 (1931). Though, factually distinguishable from this case, the cited cases support Mr. Hazen's argument that his claim for delayed transfer of stocks is one that is recognized as a cause of action. See also, Warner v. Dillon, 92 Nev. 677, 679, 558 P.2d 540, 541 (1976) (per curiam) (negligent handling of stock by a broker constitutes a cause of action).
 Prudential argues that Mr. Hazen failed to allege causation and damages which are essential to a negligence claim. Sims v. General Telephone & Electronics, 107 Nev. 516, 815 P.2d 151 (1991). Prudential contends that Mr. Hazen failed to allege that he ordered a liquidation of the stock during the time in question and that he could not trade prior to the stock transfer.
 Mr. Hazen's complaint alleged that Prudential "failed and refused to expeditiously transfer administrative responsibility for Plaintiff's accounts and to permit the liquidation of Plaintiff's accounts during the period from September 8, 1989 until October 25-31, 1989." (First Amended Complaint, p 12) The allegations, when construed in the light most favorable to Mr. Hazen, Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989), support a logical inference that Mr. Hazen attempted to liquidate the accounts and was denied the ability to do so until the accounts were transferred. Mr. Hazen further alleged that he sustained a loss due to falling stock prices. In sum, Mr. Hazen's negligence claim alleged causation and damages and was legally sufficient. As a result, Mr. Hazen's request to amend the claim was unnecessary.
 CLAIM OF BREACH OF FIDUCIARY DUTY. Mr. Hazen alleged that Prudential breached its fiduciary duty by (1) failing to inform him of the subpoena duces tecum and deposition of Prudential's agent regarding his investment accounts and (2) by divulging confidential information regarding the liquidation of his accounts when Prudential was under no legal obligation to do so. He alleged he was damaged because he was not represented at the deposition and as a result of the information obtained in the deposition and the confidential information divulged by Prudential a Temporary Restraining Order was issued. The TRO prevented him from liquidating 1/2 of his declining securities and caused him to sustain financial loss.
 Mr. Hazen's claim for breach of fiduciary duty sounds in tort rather than contract. The claim is legally insufficient, however, as Mr. Hazen failed to allege proximate causation and damages. See, Sims v. General Telephone & Electronics, supra.
 The TRO was the proximate cause of Mr. Hazen's inability to liquidate the stocks and his resulting losses, not Prudential's alleged breach of fiduciary duty. At most Mr. Hazen could allege that the TRO was wrongful because it was based on information that was allegedly gained in violation of Prudential's fiduciary duty to Mr. Hazen. Even if he had alleged that it was a wrongful injunction, which he did not, he would not have a right to recover damages.
 Recovery for damages sustained as a result of a wrongful injunction is limited to the bond issued as security when the injunction is obtained. Tracy v. Capozzi, 98 Nev. 120, 642 P.2d 591 (1982). Nev.R.Civ.P. 65(c) requires that a bond be obtained by the applicant for all restraining order. American Bonding Co. v. Roggen Enterprizes, 854 P.2d 868, 870 (1993). The requirement is not applicable in divorce proceedings, though the court has discretion to require a bond. Nev.R.Civ.P. 65(f); Turner v. Saka, 90 Nev. 54, 64, 518 P.2d 608, 614 (1974). The record does not indicate that a bond was required by the court when this TRO was issued. In the absence of a bond, Mr. Hazen may not recover damages.
 Moreover, because Mr. Hazen could not recover damages on the breach of fiduciary duty claim, amendment of the claim would have been futile. Consequently, the court did not abuse its discretion in denying his request for leave to amend this claim. Sorosky v. Burroughs Corp., 826 F.2d 794, 804-05 (9th Cir.1987).
 AFFIRMED in part, REVERSED in part, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Wm. Fremming Nielsen, United States District Judge, for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3