1998 ME 4

**CITIZENS SAVINGS BANK,**

v.

**The HOWLAND CORPORATION, et al.**

Supreme Judicial Court of Maine.

Argued Dec. 5, 1997.

Decided Jan. 2, 1998.

Jacob A. Manheimer, Pierce Atwood, Portland, for plaintiff.

Daniel L. Cummings, Norman, Hanson & DeTroy, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

RUDMAN, Justice.

[¶ 1] Scott Howland and The Howland Corporation (collectively "Howland") appeal from the deficiency judgment entered in the Superior Court (Cumberland County, *Brennan, J.*). On appeal, Howland contends that the Superior Court's determination of the fair market value of the subject property was not supported by any competent evidence and therefore Citizens should be denied its deficiency judgment. We disagree and affirm the judgment.

[¶ 2] On October 25, 1993, the Superior Court entered a Judgment of Foreclosure and Sale granting Citizens a judgment against Howland in the amount of $75,575.91 plus interest and costs, and ordered it to sell the subject property if Howland was unable to satisfy the money judgment amount within 90 days. On May 27, 1994, a foreclosure sale took place at the site of the subject property in Standish. Citizens was the high bidder at $46,400. After the auction, Citizens filed the First Affidavit and Report of Sale seeking a deficiency judgment of $46,761.68 which reflected the principal and interest owed the bank less the net sale proceeds.

[¶ 3] Howland then filed a motion opposing the First Affidavit and Report of Sale on the grounds that Citizens had failed to submit an appraisal of the premises and that Citizens' attorney fees were excessive. While the motion was pending, Citizens filed a Revised Affidavit and Report of Sale which included a copy of an appraisal of the property determining its fair market value to be $58,000. Howland filed an objection to the Revised Affidavit and Report of Sale and included in its objection the affidavit of Susan Duchaine, president of a development company, Sold, Inc., which had purchased the subject parcel from Citizens for $46,900 shortly after the auction. Duchaine stated in her affidavit that Sold, Inc. would have paid up to $94,000 for the subject property.

[¶ 4]On April 22, 1997, the Superior Court entered an order finding the value of the premises to be $58,000 and granted Citizens a deficiency judgment in the amount of $35,161.68. This appeal followed.

[¶ 5] At issue in this case is the finding by the Superior Court of the fair market value of the subject premises for the purposes of calculating the deficiency judgment. The determination of fair market value is a factual finding by the court and as such can only be set aside if clearly erroneous. *Hamm v. Hamm,* 584 A.2d 59, 62 (Me.1990). A factual determination is clearly erroneous only if there is no competent evidence in the record to support it. *Id.* (quoting *Solmitz v. Maine Sch. Admin. Dist. No. 59,* 495 A.2d 812, 817 (Me.1985)).

[¶ 6] Pursuant to 14 M.R.S.A. § 6324 (Supp.1997), if the mortgagee is the buyer at a public foreclosure sale, the deficiency is limited to

> ... the difference between the fair market value of the premises at the time of the public sale, as established by an independent appraisal, and the sum due the mortgagee as established by the court with interest plus the expenses incurred in making the sale.

Pursuant to 14 M.R.S.A. § 6324 (Supp.1997), the fair market value of property sold at a foreclosure sale is to be determined "by an independent appraisal." The appraisal "ensure[s] that the court's determination of fair market value is based upon objective, and, arguably, more accurate data." *Kennebec Sav. Bank v. Chandler,* 447 A.2d 824, 826 (Me.1982).

[¶ 7] Citizens provided the Superior Court with an independent appraisal of the fair market value of the subject property. The court afforded the mortgagor an opportunity at the hearing to challenge the data supporting the appraisal's conclusions—including whether market conditions might have materially affected the subject property's fair market value in the three months between the date of the appraisal and the date of the foreclosure sale. Section 6324 does not require the mortgagee-purchaser to submit additional affidavits or testimony to counter the mortgagor's challenge to its independent appraisal. The court was free to accept in whole or in part the independent appraisal submitted by Citizens. *See Kennebec Sav. Bank,* 447 A.2d at 826 ("Where the court bases its determination of the deficiency judgment upon objective data of the property's fair market value, the statutory provision 'as established by an independent appraisal' is satisfied.").

The entry is:

Judgment affirmed.