STATE OF MAINE

CUMBERLAND, ss.

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

NOV 25 2003

RECEIVED

NAT MAGILIONE, et al.,

Plaintiffs

v.

BOB MURPHY, et al.,

Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP 03-37

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

DEC 17 2003

Before this court is Defendant's appeal from the default judgment of the District Court.

## FACTS

In August 2002, Plaintiffs, Nat Magilione and Christine Anderson, began the process of attempting to rent a cottage from Defendants, Bob Murphy, Cynde Murphy and Crescent Lake Cottages. During this process, Plaintiffs signed an agreement with Defendants, in which Plaintiffs paid the Defendants a $675.00 deposit. On August 17, 2002, however, Plaintiffs verbally notified Defendants that they would be unable to rent the cottage. At that time, Plaintiffs allege that Defendants notified them, that if they were able to find a replacement tenant by September 1, 2002, their deposit would be refunded.

Despite this conversation, however, Defendants failed to return Plaintiffs deposit. Finally, after repeated attempts to obtain their deposit, Plaintiffs informed Defendants, through a written letter date September 23, 2002, that they would be taking them to court if they continued to fail to return their deposit. In addition, Plaintiffs also notified Defendants that they had failed to provide a letter stating the reasons why they were

retaining the security deposit.

Consequently, Plaintiffs filed a claim in the District Court and received a default judgment on February 20, 2003. The District Court, however, on review of the Defendants motion to strike default found good cause and vacated the default judgment against the Defendants. A hearing was then scheduled for April 17, 2003. Both parties appeared at that hearing and judgment was granted for the Plaintiffs in the amount of $1350.00 plus costs of $40.00. Specifically, the District Court held that the "Defendants wrongfully retained the $675.00 security deposit and double damages were awarded under 14 M.R.S.A. § 6034." (District Court Notice of Judgment at 1.) On May 15, 2003, Defendants appealed this decision to the Superior Court.

## DISCUSSION

### A. Standard of Review

Appeals from the District Court are reviewed for questions of law only. M. R. Civ. P. 76D. Findings of fact by the District Court are only set aside if clearly erroneous. See M. R. Civ. P. 76D. The decision of the District Court must be affirmed if there is any competent or credible evidence in the record to support the decision and can be reversed only if the assumed findings of the lower court were clearly erroneous. Tarbuck v. Jaeckel, 2000 ME 105, ¶ 17, 752 A.2d 176, 181. The Law Court in Citizens Savings Bank v. Howland Corp., 1998 ME 4, ¶ 5, 704 A.2d 381, 383, stated that "[a] factual determination is clearly erroneous only if there is no competent evidence in the record to support [it]." (citation omitted).

First, the Defendants contend the fee that the Plaintiffs paid to them was an application fee and not a security deposit. Title 14 M.R.S.A. § 6031(2) defines a security deposit as "any advance or deposit, regardless of its denomination, of money, the primary function of which is to secure the performance of a rental agreement for

residential premises or any part thereof." In this case, the Plaintiffs paid the Defendants a fee of $675.00 to secure their rental of cottage #11 and remove the cottage from the rental market. Based on this evidence, this court finds that this fee constitutes a security deposit.

Additionally, the Defendants argue that the Plaintiffs read and signed a rental contract, which obligated them to occupy the rental premises, and if they failed to do so then the deposit would be forfeited. The Plaintiffs respond that despite this, the agreement was verbally altered and the Defendants failed to respond inform them, through a letter, of the reasons why they were retaining their deposit. Title 14 M.R.S.A. § 6033 provides, in part, that a landlord shall return a tenant's security deposit or provide the tenant with a written statement itemizing the reasons for retention. The Law Court has found that landlord's have an obligation to provide the tenant's with a written statement itemizing the reason for the retention within 21 days after the termination of the tenancy or the surrender and acceptance of the premises. Karantza v. Salamone, 435 A.2d 1384 (Me. 1981). Hence, this court finds that the District Court committed no error of law in its statutory interpretation and had competent evidence to support its decision.

WHEREFORE, this court **DENIES** Defendant's appeal from the District Court's decision and affirms the judgment of the District Court, pursuant to M. R. Civ. P. 76D. In addition, the case is remanded to the District Court.

Dated: November 25, 2003

Roland A. Cole
Justice, Superior Court

Date Filed 05-27-2003        Cumberland        Docket No. ___ AP-03-37
                                County

Action __ Appeal from lower court

NAT MAGLIONE
CHRISTINE ANDERSON
                                        BOB MURPHY
                                        CYNDE MURPHY
                                        CRESCENT LAKE COTTAGES

                                vs.

Plaintiff's Attorney                    Defendant's Attorney
(PRO SE)                                (PRO SE)
Nat Maglione                            Bob Murphy
Christine Anderson                      Cynde Murphy
P.O. Box 527                            Crescent Lake Cottages
Sebago, ME   04029                      7 Cottage Lane
                                        Raymond, ME   04071