STATE OF MAINE

CUMBERLAND, ss.

CIVIL ACTION
DOCKET NO. AP-03-77
RAC - CUM - 4/22/2004

LINDA FERGUSON,

STATE OF MAINE
Cumberland, ss, Clerk's Offic.
SUPERIOR COURT

Plaintiff

APR 22 2004

v.

RECEIVED     ORDER

BETH E. KUS/DIRIGO,

DONALD

Defendants

2004

Before this court is Defendant, Beth E. Kus/Dirigo's ("Kus") appeal from the decision of the District Court.

## FACTS

On January 11, 2003, Plaintiff, Linda Ferguson ("Ferguson") entered into an agreement to purchase a coon cat from Defendant Kus. While Plaintiff Ferguson was at Defendant Kus' home to purchase the cat, Plaintiff Ferguson and Beth Elwell, her co-worker, saw Defendant Kus wipe the kitten's nose at least twice. Defendant Kus informed Plaintiff Ferguson that this was nothing to worry about and accordingly Plaintiff Ferguson purchased the cat and left Defendant Kus' home. Two days later, however, Plaintiff Ferguson had to take the cat to the South Berwick Veterinary Hospital, because the cat was sneezing a lot with a considerable amount of mucus discharge. The veterinarian that examined the cat diagnosed him with an upper respiratory infection, but also indicated on his medical chart, that he had a bloated stomach.[1]

---

[1] Both of these are possible symptoms of FIP. (A-21 at 2.)

On April 17, 2003, the cat developed Uveitis[2] and so the cat was referred to Dover Veterinary Hospital, where several tests were conducted and samples were taken that were consistent with FIP. After several visits to the Dover Hospital, however, the eye was brought under control. Following this, in June 2003, the cat started to loose weight and was diagnosed with cholangiohepatitis, an inflammation of the liver and ultimately was euthanized. A post-mortem biopsy was performed on the liver and results supported the diagnosis of FIP.

Consequently, Nick Cassotis, DVM sent a letter to Defendant Kus indicating that the cat's problems were consistent with a diagnosis of FIP and he felt that the disease was present upon acquisition as a kitten. (Letter from Nick Cassotis, DVM, dated June 5, 2003 at 1.) On July 28, 2003, Defendant Kus sent an e-mail to Plaintiff Ferguson indicating that she would extend her a courteous replacement of the cat. Plaintiff Ferguson, however, declined and requested a full refund of the purchase price of the cat, which Defendant Kus failed to pay. Therefore, on October 9, 2003, a statement of claim was filed with the Maine District Court, which resulted in a judgment for Plaintiff Ferguson in the amount of $650.00, plus costs of $76.20. On December 4, 2003, Defendant Kus appealed this decision to the Cumberland County Superior Court.

## DISCUSSION

Appeals from the District Court are reviewed for questions of law only. M.R. Civ. P. 76D. Findings of fact by the District Court are only set aside if clearly erroneous. Id. The decision of the District Court must be affirmed if there is any competent or credible evidence in the record to support the decision of the district court. Tarbuck v. Jaeckel, 2000 ME 105, ¶ 17, 752 A.2d 176, 181. The Law Court has held that "[a] factual determination is clearly erroneous only if there is no competent evidence in the record

---

[2] This is an inflammation of the eye and is another possible symptom of FIP. (Transcript at 4.)

2

to support [it]." Citizens Savings Bank v. Howland Corp., 1998 ME 4, ¶ 5, 704 A.2d 381, 383 (citation omitted).

Before this court can address the issues presented by this appeal, it notes that the parties have submitted an agreed upon record of the proceedings below, pursuant to M.R. Civ. P. 76F(d). The District Court judge did not approve this record. However, since the parties have agreed to the record, this court finds that this failure is not fatal to Defendant Kus' appeal.

First, Defendant Kus argues that the District Court erred, because it denied her the right to contractually exclude a specific pet health problem from the contract's warranty,[3] pursuant to 7 M.R.S. § 4157(2)(D).[4] In this case, the District Court determined that "Plaintiff proved kitten had symptoms of FIP in first 10 days; see Dr. Cassotis' letter dated June 5, 2003. Refund of purchase price awarded." (Notice of Judgment (Small Claims) at 1.) Dr. Cassotis' letter provides that the results of tests suggested that the cat had FIP and that he had this disease since he was acquired by Plaintiff Ferguson, as a kitten. Accordingly, this court finds that the District Court's findings were not erroneous.

Next, Defendant Kus contends that the District Court erred because Plaintiff Ferguson failed to comply with 7 M.R.S. § 4155(1). This section provides that:

> If, within 10 days after receipt of the animal by the purchaser, a veterinarian states in writing that the animal has a health problem that

---

[3] The contract at issue provided that the "kitten will be replaced for fatal physical congenital defects medically documented and received within 1 year of adoption, kitten guaranteed felv neg 21 days, will be replaced if clinically ill from fiv, fip within 6 weeks of adoption; felv, fiv, fip specially excluded from replacement guarantee after 6 weeks." (Kitten/Cat Adoption Agreement at 1.)

[4] This section provides, "[a] refund, replacement or reimbursement of veterinary fees is not required if any one or more of the following conditions are met. [] The health problem is one that the dealer has indicated is not covered in the warranty for the animal." 7 M.R.S. § 4157(2)(D) (2003).

existed in the animal at the time of delivery or if, within one year after receipt of the animal by the purchaser, a veterinarian states in writing that due to a hereditary or congenital defect the animal has died or has a condition that will shorten its life or will require constant treatment during its life, the animal is considered to have been unfit for sale at the time of sale.

7 M.R.S. § 4155(1) (2003).

On June 5, 2003, Nick Cassotis, DVM provided Defendant Kus with a letter that indicated that the results of several tests run on the cat were suggestive of FIP and that these signs were present upon acquisition of the cat. (Letter From Cassotis at 1.) In addition, on July 28, 2003, Kristin Rennie, DVM sent an additional letter to Defendant Kus, which provided that Plaintiff Ferguson decided to euthanize the cat and that post-mortem histology reports were supportive of a diagnosis of FIP. (Letter From Rennie at 1.) Hence, this court finds that the District Court's decision complies with section 4155.

Thirdly, Defendant Kus asserts that District Court erred because it failed to consider medical laboratory tests, which indicated that the cat did not have FIP. (Appendix at A-6.) The following disclaimer, however, is attached the negative test results:

> [a] positive FCV titer indicates exposure to corona virus; it does not differentiate between FIP, feline enteric corona virus exposure or vaccination. Diagnosis of FIP should include results of physical exam, clinical history and other laboratory findings. FIP PCR testing on effusions, and/or FIP specific ELISA testing may be helpful in confirming FIP infection. Negative FCV titers do not rule out FIP. FIP PCR is not as sensitive as a screening test for FIP on whole blood.

Id. Therefore, this court finds that the District Court's failure to explicitly mention these test results in its decision was not an error of law.

In addition, Defendant Kus argues that the District Court erred by not complying with the requirement found in 7 M.R.S. § 4156(2). This section provides:

4

[i]f the purchaser wishes to receive a full refund for the animal, the purchaser must return the animal no later than 2 business days after receipt or a written statement from a veterinarian indicating that the animal is unfit due to a health problem. With respect to a dead animal, the purchaser must provide the pet dealer with a written statement from a veterinarian indicating that the animal died from a health problem that existed on or before the receipt of the animal by the purchaser.

7 M.R.S. § 4156(2) (2003). In this case, Nick Cassotis, DVM and Kristin Rennie, DVM, provided Defendant Kus with two letters that are in compliance with the requirements above. Consequently, this court finds that the District Court's decision was not erroneous.

Defendant Kus also opines that the District Court ignored two important veterinarian opinions, which indicated that there existed no evidence to establish the cat had FIP or exposure to corona virus at the time of its adoption. These veterinarians, however, did not personally examine the cat at issue. Hence, this court finds that the District Court's lack of reliance on such opinions was not erroneous.

Finally, Defendant Kus asserts that Plaintiff Ferguson did not have standing to initiate a court action under § 4158(2). This section provides that "[i]f a pet dealer does not provide the remedy selected by the purchaser set forth in section 4155, the purchaser may initiate a court action. The prevailing party in the court action has the right to recover costs and reasonable attorney's fees." 7 M.R.S. § 4158(2) (2003).

In this case, Plaintiff Ferguson immediately informed Defendant Kus after her cat was euthanized. (Appendix at A-19.) Although Defendant Kus offered to provide another cat, Plaintiff Ferguson desired a full refund of the purchase price of the cat. (R. at A-20.); 7 M.R.S. § 4155(3) (2003). Hence, this court finds that Plaintiff Ferguson did have standing to assert her claim, pursuant to 7 M.R.S. § 4158(2).

WHEREFORE, this court **DENIES** Defendant Kus' appeal, **AFFIRMS** the judgment of the District Court and **REMANDS** the case to the District Court for entry of this judgment.

Dated: April 22, 2004

Roland A. Cole
Justice, Superior Court

F COURTS
nd County
ox 287
e 04112-0287

LINDA FERGUSON
45 FARMGATE DRIVE
SOUTH BERWICK ME 03908

F COURTS
nd County
ox 287
e 04112-0287

BETH KUS
PO BOX 1678
WINDHAM ME 04062