**In re Michael ERBAUGH, Debtor.**

**Bankruptcy No. 95–33184.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

July 8, 1996.

John L. Day, Jr., Cincinnati, Ohio, for Hamilton City Employees Federal Credit Union.

Ruth Slone–Stiver, Dayton, Ohio, for Debtor.

DECISION AND ORDER DENYING CREDITOR'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION AND DENYING CONFIRMATION OF DEBTOR'S PROPOSED CHAPTER 13 PLAN

WILLIAM A. CLARK, Chief Judge.

This matter is before the court upon the motion of Hamilton City Employees Credit

Union's "Objection to Confirmation of Debtor's Chapter 13 Plan" (Doc. # 8). The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

## FACTS

On September 15, 1995, Michael Erbaugh ("debtor") filed a petition in bankruptcy pursuant to chapter 13 of the Bankruptcy Code. The debtor's schedules state that the debtor has assets of $58,000, unsecured nonpriority claims of $29,809, and no secured debt. Of the $58,100 in assets, $56,000 is attributed to an Individual Retirement Account ("IRA") owned by the debtor.

In his schedule of income (Schedule I), the debtor projected total monthly income of $3,610.71[1] and expenses of $3,536.00 per month on his schedule of current expenditures (Schedule J). Based on these projections the debtor proposes to pay $74 per month to the chapter 13 trustee for distribution to his creditors.

At the hearing on the objection to confirmation filed by Hamilton City Employees Credit Union ("Creditor"), the debtor testified that since he filed his chapter 13 plan, his weekly income has been reduced from $800/week to $390/week, and that there may be a subsequent reduction in his income as of June 29th. He also testified that he has drastically reduced his expenses, and that it is his intention to eliminate all expenses for clothing, recreation, vitamins, medical expenses, and the cost of assisting his daughter with insurance. The debtor also testified that he is a Certified Public Accountant and is currently looking for different employment. In addition, the debtor is 53 years old, has had two heart attacks and bypass surgery, and is overweight. The debtor resides in a home which was transferred to his wife approximately 13 years ago. According to the debtor, the home currently has a value of approximately $150,000 and is unencumbered by a mortgage. The debtor estimates that his IRA has a current value of approximately $54,000. He has no other retirement assets. The debtor's research indicates that he will receive approximately $1,000/month in Social Security benefits upon his retirement.

## CONCLUSIONS OF LAW

The issues presented by the parties to the court are 1) whether the debtor's interest in his IRA is exempt under Ohio law, and 2) whether the debtor's proposed chapter 13 plan is feasible under 11 U.S.C. § 1325(a)(6).

In Ohio, a debtor is provided with the following exemption for an IRA:

Except for any portion of the assets that were deposited for the purpose of evading the payment of any debt and except as provided in sections 2929.181, 3111.23 and 3113.21 of the Revised Code, the person's right in the assets held in, or to receive any payment under, any individual retirement account, individual retirement annuity ... to the extent reasonably necessary for the support of the person and any of his dependents.

Ohio Rev.Code § 2329.66(A)(10)(c).

The debtor maintains that all $54,000 of his IRA is exempt, while the creditor asserts that at least some, if not all, of the account should be found to be nonexempt. In determining what portion of a debtor's IRA is exempt,

[t]he appropriate amount to be set aside for the debtor ought to be sufficient to sustain basic needs, not related to his former status in society or the lifestyle to which he is accustomed but taking into account the special needs that a retired and elderly debtor may claim.

*Warren v. Taff (Matter of Taff)*, 10 B.R. 101, 107 (Bankr.D.Conn.1981).

As previously stated by this court,

[s]uch an inquiry obviously entails an examination of the facts and circumstances surrounding a debtor, and any determination of what is reasonably necessary for the support of a debtor must be made on a case by case basis. There are a variety of

---

**1.** The total projected income includes $1,183/month of the debtor's spouse who has not filed a petition in bankruptcy.

factors which a court may consider in determining whether a debtor's right to a payment in a pension plan (or a similar arrangement such as an IRA) is reasonably necessary for the support of a debtor. Among them are:

1) Debtor's present and anticipated living expenses;
2) Debtor's present and anticipated income from all sources;
3) Age of the debtor;
4) Health of the debtor;
5) Debtor's ability to work and earn a living;
6) Debtor's job skills, training and education;
7) Debtor's other assets, including exempt assets;
8) Liquidity of other assets;
9) Debtor's ability to save for retirement;
10) Special needs of the debtor; and
11) Debtor's financial obligations (e.g., alimony or support).

*In re Barbara Ann Webb,* 189 B.R. 144, 145–146 (Bankr.S.D.Ohio 1995) (quoting factors from *In re Flygstad,* 56 B.R. 884, 889–890 (Bankr.N.D.Iowa 1986)).

■ Of utmost importance in the instant proceeding is the fact that the party objecting to a debtor's claimed exemption "has the burden of proving that the exemptions are not properly claimed." Fed.R.Bankr.P. 4003(c).

It is the objector's burden in this case to prove that the Keogh funds are not necessary to provide for the present and future basic needs of the Debtor and his family.... The objector must show that the Debtor's basic living needs in the future can be met in some way other than through [the Debtor's] present pension funds.

*In re Schlee,* 60 B.R. 524, 529 (Bankr. D.Minn.1986).

■ In the instant case, critical evidence of the basic future needs of the debtor has not been provided by the creditor. While the court has been presented with the debtor's current expenses, no evidence was presented of the cost of basic needs when the debtor will retire. As a result, the court is unable to determine whether the debtor's anticipated social security benefit and use of his IRA assets will be sufficient to cover the costs of his expenses during retirement. Therefore, the court finds that the creditor has not carried its burden of proof to establish that the debtor's retention of his IRA account is not reasonably necessary for his support.

■ The creditor also maintains that the debtor's proposed chapter 13 plan is not feasible as required by § 1325(a)(6) of the Bankruptcy Code. That section requires the court to find that "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). Whether the debtor's plan is feasible is a factual question, *Todd v. Railroad Federal Credit Union (In re Todd),* 181 B.R. 997, 1004 (Bankr.N.D.Ala.1995), and it is the debtor who bears the burden of proving that his proposed chapter 13 plan is feasible. *In re Hogue,* 78 B.R. 867, 872 (Bankr.S.D.Ohio 1987).

■ At the time of filing his petition in bankruptcy, when the debtor was earning $800/week, he projected a surplus of income over expenses in the amount of $74/month. Since that time the debtor's income has fallen to $390/week and may be further reduced at the end of June. Although the debtor provided general testimony that he was cutting expenses and indicated some of the expenses he was curtailing, he provided no specific numerical data demonstrating a monthly surplus to enable him to make his monthly payments to the chapter 13 trustee. Further, the debtor conceded in his testimony that he will have no income to cover any type of unexpected or emergency expenses. The court therefore finds that it is highly unlikely that the debtor will be able to make all of his proposed payments under the chapter 13 plan, and confirmation of the plan will be denied under § 1325(a)(6) of the Bankruptcy Code.

For the foregoing reasons, it is hereby ORDERED that the objection of Hamilton City Employees Credit Union to the debtor's claimed exemption in his IRA is DENIED;

it is further ORDERED that confirmation of the debtor's proposed chapter 13 plan is DENIED under 11 U.S.C. § 1325(a)(6).