**In re James and Barbara
PARKER, Debtors.**

**Bankruptcy No. 97–35462.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

March 30, 1998.

Dennis E. Stegner, Springfield, OH, for Debtors.

James R. Warren, Springfield, OH, for Chapter 7 Trustee.

## DECISION AND ORDER DENYING IN PART AND GRANTING IN PART TRUSTEE'S OBJECTION TO DEBTORS' CLAIMS OF EXEMPTIONS

WILLIAM A. CLARK, Chief Judge.

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference entered in this district. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

This matter came before the court upon the Objection by Trustee to Debtors' Claims of Exemptions [Doc. # 11–1] and Response by Debtors To Trustee's Objection to Debtors' Claims of Exemptions [Doc. # 17–1].

## FINDINGS OF FACT

In January of 1996, James B. Parker and Barbara A. Parker, (hereinafter "Debtors"), enrolled in two annuity plans issued by Cova Financial Services Life Insurance Company (hereinafter "Cova plans") by rolling over funds from two previous accounts. Their current Cova plans are individual retirement annuities, otherwise known as IRAs, and are not subject to the Employee Retirement Income Security Act (hereinafter "ERISA"). At the time Debtors rolled over their policies, the husband made a withdrawal of $4,000.00. In that same year, the husband also received $9,245.25 from an annuity policy provided by Prudential Insurance Company (hereinafter "Prudential"). Presently, the husband's Cova annuity plan is valued at approximately $20,733.04 while the wife's Cova annuity plan is valued at $33,725.80.

On September 26, 1997, the Debtors jointly petitioned for voluntary relief under Chapter 7 of the United States Bankruptcy Code. 11 U.S.C. §§ 101, et seq. (1994). In their Petition, Debtors listed their current combined net monthly income as $3,449.37, or $41,-992.44 per year. See Debtors' Voluntary Petition [Doc. # 1–1], Schedule I. Their current total expenditures per month amount to $3,469.50, or $41,634.00 per year including discretionary charitable contributions in the amount of $265.00 per month. See Debtors' Voluntary Petition [Doc. # 1–1], Schedule J.

Having filed for relief under Chapter 7 of the United States Bankruptcy Code, Debtors seek to exempt the funds currently available in their respective Cova IRA plans ($54,-458.84). The Trustee objects to the plans being exempted based on the Debtors' gross earnings in 1996 and projected earnings for the future. Therefore, the Trustee seeks to have the funds included in the property of the estate. Both parties agree that the Cova IRA plans are not ERISA-qualified and therefore Ohio exemption law governs.

## CONCLUSIONS OF LAW

The issue presented in this case is whether Debtors' interest in their respective Cova IRA plans is exempt under Ohio law. In order to arrive at a final determination as to whether the retirement funds are exempt, regard must be given to Ohio Revised Code § 2329.66(A)(10)(c).

Ohio Revised Code § 2329.66 states, in part:

> Except for any portion of the assets that were deposited for the purpose of evading the payment of any debt and except as provided in sections 3111.23 and 3113.21 of the Revised Code, the person's right in the assets held in, or to receive any payment under, any individual retirement account, individual retirement annuity, or Keogh or "H.R. 10" plan that provides benefits by reason of illness, disability, death, or age, *to the extent reasonably necessary for the support* of the person and any of his dependents.

Ohio Rev.Code § 2329.66(A)(10)(c) (Anderson 1995) (emphasis added). Hence, in Ohio, Debtors would be able to exempt the individual retirement annuities in question to the extent the funds were "reasonably necessary" for Debtors' support. *Id.*

In this proceeding, it is imperative to recognize that the party objecting to a debtor's claims exemption "has the burden of proving that the exemptions are not properly claimed." Fed.R.Bankr.P. 4003(c); *In re Erbaugh*, 199 B.R. 367, 369 (Bankr.S.D.Ohio 1996) (Clark, J.). The Trustee relies on Debtors' reported income for the taxable year 1996 in order to demonstrate why the funds available under the Cova IRA plans are not reasonably necessary for the Debtors support. Debtors contest the Trustee's reliance on their 1996 taxable income as an indication of projected future income. The projected retirement income available to the Debtors is an important consideration.

In order to determine whether or not the Cova plans are "reasonably necessary for support," the court must consider both the present and future needs of the debtors. *In re Bogart*, 157 B.R. 345, 347 (Bankr. N.D.Ohio 1993). Therefore, before the court

is able to make a final determination whether or not to allow Debtors to exempt their Cova IRA plans from the property of the estate, the court must look to the time when both husband and wife will be in retirement. To determine what funds of Debtors' Cova IRA plans are exempt, "the appropriate amount to be set aside for the debtor ought to be sufficient to sustain basic needs, not related to his former status in society or the lifestyle to which he is accustomed but taking into account the special needs that a retired and elderly debtor may claim." *In re Erbaugh,* 199 B.R. at 368 (citing *Warren v. Taff (In re Taff),* 10 B.R. 101, 107 (Bankr.D.Conn.1981)).

Previously, this court has stated that such an inquiry entails an examination of the facts and circumstances surrounding a debtor. *In re Webb,* 189 B.R. 144, 145 (Bankr.S.D.Ohio 1995) (Clark, J.). Any determination of what is reasonably necessary for the support of a debtor must be made on a case by case basis. Therefore, there are a variety of factors which a court may consider in determining whether a debtor's right to payment from a retirement plan, like Cova, is reasonably necessary for the support of the debtor. Some of these factors include:

1) Debtor's present and anticipated living expenses;

2) Debtor's present and anticipated income from all sources;

3) Age of the debtor;

4) Health of the debtor;

5) Debtor's ability to work and earn a living;

6) Debtor's job skills, training, and education;

7) Debtor's other assets;

8) Liquidity of other assets;

9) Debtor's ability to save for retirement;

10) Special needs of the debtor; and

11) Debtor's financial obligations (e.g., alimony or support).

In re Erbaugh, 199 B.R. at 369; *In re Webb,* 189 B.R. at 145–46 (quoting factors from *In re Flygstad,* 56 B.R. 884, 889–90 (Bankr. N.D.Iowa 1986)). To resolve the matter at hand, the court will examine the husband's and wife's retirement situation.

The court recognizes that the husband has passed the age where the majority of the population retires. At sixty-seven (67) years of age, he is a diabetic with high cholesterol and his vision is deteriorating due to the onset of glaucoma. His age and physical stamina prevent him from performing any type of demanding work. As a result, he has had to quit one of his part-time jobs. It is also unlikely that he will be able to remain gainfully employed with Springfield News indefinitely. The combination of his health, age, and level of education put into question his ability to work and earn a living. These factors are compounded by the fact that the husband is already retired and will no longer have funds to add to his Cova IRA account. That fact alone makes the monies available to him under the Cova IRA plan indispensable. To hold otherwise would force the husband out of retirement during a period of his life when he would not be able to find adequate employment to support himself. Therefore, the $20,733 in the husband's Cova IRA account is exempt under Ohio Rev.Code § 2329.66(A)(10)(c) as it is "reasonably necessary for his support." Assuming that the husband will no longer be able to continue working for Springfield News, his projected annual retirement income is:

| | |
|---|---|
| Social Security | $4,452.00 |
| Police & Firemen's Disability Fund | $18,573.72 |
| | $23,025.72 |
| Cova Annuity Plan ($20,733.04) | (unknown) |

The court recognizes that the wife also suffers from a series of maladies that affect her on a day-to-day basis. She is a recovering stroke victim, with a case of rheumatoid arthritis and must take a litany of prescription drugs to treat her ailments. She is fifty-eight (58) years of age with a high school education. It is improbable that she will be able to gain employment after she retired from Springfield News. However, her situation is different from that of her husband. While her husband had reached the age of retirement and is receiving such benefits, she has been a reliable employee for Springfield News for many years. Moreover, she has an ERISA-qualified 401(k) plan at her employment which is excluded from the property of the estate. *See Patterson v.*

*Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). In addition to the funds currently available under the wife's 401(k) plan, she will be able to contribute to the 401(k) plan each year while she is employed. In 1996, she contributed $6,285.15 to her 401(k) plan. Currently, based on the figures provided in Debtors' Schedule I, she will be able to contribute more than $7,000.00 over the next several years until her retirement. Hence, upon retiring, the wife will have an annual income of at least:

Social Security &
401(k) Plan                $29,328.00

Together, the couple's combined retirement income of $52,353.72 will exceed their current yearly expenditures ($41,634.00) by at least $10,719.72. That figure does not include a draw against the $20,733.04 of the husband's Cova plan which is available. The Debtors could decrease their monthly contributions to charities by $265.00 or a lesser amount each month if need requires it. That having been said, the court believes that the funds available to the wife in retirement will adequately serve her basic needs as suggested in *In re Erbaugh, supra.* Therefore, the Cova IRA account is not reasonably necessary for her support and the account is not exempt under Ohio Revised Code § 2329.66(A)(10)(c).

### CONCLUSION

It is the conclusion of this court that the Cova IRA account available to the husband, in the amount of $20,733.04 meets the standard of Ohio Revised Code § 2329.66(A)(10)(c) and therefore is reasonably necessary for his support. On the other hand, the Cova IRA account available to the wife does not meet the same standard and, therefore, the funds available to her under the Cova plan are not exempt.

For the foregoing reasons, the court finds that the Trustee's Objection to Debtors' Claims of Exemptions [Doc. # 11–1] be DENIED regarding those funds available to the husband under his Cova plan and GRANTED regarding those funds available to the wife under her Cova plan. Trustee's objec-

tion should therefore be, and hereby is, DENIED in part and GRANTED in part.

It is so ORDERED.