plaintiff's attorney
Richard N. Solman

Defendant's attorney
Alan Harding
Barbara Shaw
George Marcus

STATE OF MAINE
AROOSTOOK, SS.

SUPERIOR COURT
Docket No. AP-01-002
PTP—NRO—6/1/2001

STEELSTONE INDUSTRIES, INC., )
      Appellee, )
       )
       )
v. )
       )
       )
RODNEY E. McCRUM, )
      Appellant. )
       )

**ORDER ON APPEAL**

This matter is before the Court on Appellant, Rodney E. McCrum's, appeal of the District Court's Order dated October 23, 2000 issued after a disclosure hearing and the District Court's December 21, 2000 Order denying Appellant's Motion to Amend. For the following reasons, the District Court's Orders are affirmed.

## FACTS

Appellee, Steelstone Industries, Inc., recovered judgment in the amount of $100,000.00, together with costs, pre-judgment and post-judgment interest of $47,032.62 against Appellant. Appellant was subpoenaed to testify as to his income, liabilities and assets at a disclosure hearing on October 19, 2000. The Court ordered Appellant to pay $500 per month and ordered as follows:

> The Court having considered the Debtor Rodney E. McCrum's present and anticipated living expenses, his present and anticipated income from all sources, ages of the Debtor and dependents, his and dependents apparent health, Debtor's ability to work and earn a living, other available assets, including exempt assets, his ability to earn and save for retirement, special needs of Debtor and dependents, his liquidity of other assets and financial obligations, and the Debtor having offered no evidence to the contrary to indicate that his $75,000.00 IRA account was reasonably necessary for his and his dependent's support, this Court finds that the Debtor's IRA account established and/or managed by Barresi Financial, Inc., does not constitute exempt property and, therefore, it is ORDERED that the value of the

1

Debtor's IRA fixed in the sum of $75,000.00 is held not to be exempt and it is ORDERED to be turned over to the Creditor in partial satisfaction of the Judgment.

The Court, ruling on Appellant's Motion to Amend, on December 21, 2000 stated:

The Court has found that pursuant to 14 M.R.S.A. § 4422(13)(E), Defendant's individual retirement account was not exempt from attachment and execution since the account was not "reasonably necessary for the support of the debtor and any dependent of the debtor." In so doing, the Court considered the "pertinent factors" set forth in In re Bates, 176 B.R. 104 (Bankr. D. Me. 1994), including, but not limited to, Defendant's salary of $67,000.00 per year as president of Naturally Potatoes, of Mars Hill, Maine, his living expenses, age, health, ability to work and earn a living, his job skills, other available assets, ability to save for retirement, special needs of Defendant and his dependents and his other assets.

## ANALYSIS

An appeal to the Superior Court from a District Court judgment must be on questions of law only; findings of fact cannot be set aside unless clearly erroneous. See M.R.Civ.P. 76D. A factual determination is clearly erroneous only if there is no competent evidence in the record supporting it. Citizens Sav. Bank v. Howland Corp., 1998 ME 4, ¶5, 704 A.2d 381.[1]

14 M.R.S.A. § 4422 1995 c. 35, § 1 substituted the phrase "a payment or account under a stock bonus pension, profit sharing, annuity, individual retirement account, for the phrase "a payment under a stock bonus, pension, profit sharing annuity." 14 M.R.S.A. § 4422 (13)(E) (Supp. 2000). The Legislative intent was to

---

1. The function of an appellate Court is not to review a cold transcript and draw its own factual inferences. Lewisohn v. State, 433 A.2d 351, 354 (Me. 1981). Rather, an appellate court's review of factual findings is "limited to investigation of the record before it to determine whether competent evidence exists to support the lower tribunal's factual conclusions. It is only when no competent evidence exists to support those findings that reversal is appropriate." Id.

2

exempt IRA's from attachment to the "extent reasonably necessary for the support of him and his dependents." L.D. 408, Statement of Fact (117th Legis. 1995). The "reasonably necessary for . . . support," limitation is rooted in the Uniform Exemption Act, which provided:

> The phrase "property to the extent reasonably necessary for the support of him and his dependents" means property required to meet present and anticipated needs of the individual and his dependents, as determined by the court after consideration of the individual's responsibilities and all the present and anticipated property and income of the individual, including that which is exempt.

In re Bates, 176 B.R. 104, 110 (Bankr. D. Me. 1994) (citations omitted). This Court agrees with the District Court that McCrum's IRA is exempt under 14 M.R.S.A. § 4422 (13)(E) only to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

McCrum argues that the Court's conclusion that the IRA was not reasonably necessary "was based on no, or at best incomplete information regarding his and his dependent's needs," and that the burden of proof is on Steelstone, as creditor appellee, to show that the IRA is not "reasonably necessary for his support." See In re Erbaugh, 199 B.R. 367, 369 (S.D. Ohio 1996). While it is true that Maine courts look to bankruptcy courts for guidance in interpreting exemption provisions and "Under the Bankruptcy Code, a claimed exemption is presumptively valid unless a creditor objects. . . . [and that] Bankruptcy Rule 4003(c) allocates to the objecting party the burden of proving that exemptions are not properly claimed,"[2] this case is not a

---

2. Hon. Barry Russell, BANKRUPTCY EVIDENCE MANUAL § 301.59 (2001).

3

bankruptcy case, and McCrum did not claim the IRA as a bankruptcy exemption. It is a collection of a money judgment case. Thus, 14 M.R.S.A. § 3121-A which states the subpoena shall include "notification that the debtor is entitled to be heard on issues concerning his ability to pay the judgment and whether his income or assets are exempt from court order," applies to this case. 14 M.R.S.A. § 3121-A (Supp. 2000). Section 3121 does not place the burden on Appellee. McCrum was served with an appropriately worded subpoena on October 5, 2000. Accordingly, it was Appellant's duty to present evidence of his income, expenses, and eligibility for exemption.

McCrum also argues that the Court in performing the "reasonably necessary" test was "required to base any findings it made on evidence pertaining to the application on the full range of the relevant factors set forth for determining eligibility for exemption in Flygstad and Bates. In re Flygstad, 56 B.R. 884, 889-90 (Bankr. N.D. Iowa 1986); Bates, 176 B.R. at 110.[3] "A bankruptcy court's analysis is not restricted to these factors, nor is a bankruptcy court required to specifically discuss each factor in every case. However, these factors are appropriate for a trial court's consideration in its analysis of the totality of facts and circumstances in each case."

---

3. These factors include: (1) Debtor's present and anticipated living expenses; (2) Debtor's present and anticipated income from all sources; (3) Age of the debtor and dependents; (4) Health of the debtor and dependents; (5) Debtor's ability to work and earn a living' (6) Debtor's job skills, training, and education; (7) Debtor's other assets, including exempt assets; (8) Liquidity of other assets; (9) Debtor's ability to save for retirement; (10) Special needs of the debtor and dependents; and (11) Debtor's financial obligations, e.g., alimony or support payments. In re Flygstad. 56 B.R. 884, 889-90 (Bankr. N.D. Iowa 1986).

4

Hamo v. Wilson, 233 B.R. 718, 723 (App. Panel 6th Cir. 1999).[4]   In reviewing the record and Court Orders, this Court finds the District Court considered the appropriate factors outlined in Bates as they were presented to him.[5]   Finding no

---

4.  In Hamo, the Court found as follows:

Debtor, age 54, suffers from a degenerative heart condition and depression, has no dependents, as his two children are grown and his wife is self-supporting. Hamo has been unemployed since 1994, but has not applied for public assistance or Social Security benefits and maintains that he is unable to find a job, although his efforts at obtaining employment have been minimal. Hamo attended college for several years, previously earned a living owning and managing bars and restaurants. His wife has been able to fully support.the Debtor, including all medical.needs and insurance coverage,, and no evidence was presented to indicate that the Debtor';s future living expenses would substantially increase or that his wife would become unable to continue to pay his expenses. Money has not been withdrawn form the IRA. A $150,000. life insurance policy has a surrender value of $8,000. His wife owns all of the assets, there is approximately $37,000. of equity in the marital residence, she owns stock worth $20,000 and has a pension valued at $46,000. Debtor's special needs include ongoing medical treatment, most of which is covered by insurance and $400. per month in medication not covered by insurance. He has no secured debts, no unsecured priority debts, and $260,000 in unsecured nonpriority debts resulting from the denial of his discharge. He has no assets for creditors to attempt to attach, except for the life insurance policy with an $8,000 cash surrender value and any portion of the IRA determined not to be entitled to an exemption. The bankruptcy court found that the bulk of the IRA was not necessary for the Debtor's present support as his basic needs have been continually met despite unemployment. The bankruptcy court found $20,000. of the IRA exempt as reasonably necessary to sustain his basic needs in the future.  Hamo v. Wilson, 233 B.R. 718, 723-24 (Bankr. App. Panel 6th Cir. Ohio 1999).

See also In re Parker, 219 B.R. 972 (Bankr. S.D. Oh. 1998) (finding that the court must consider both the present and future needs of the debtors, found the wife's IRA not exempt based on the following facts. At 58, the wife suffers from a series of maladies that affect her daily, is a recovering stroke victim, has rheumatoid arthritis and takes numerous medications, has a high school education, and it is unlikely that she will be able obtain employment after retiring from the Springfield News, however, she is employed, has an ERISA-qualified plan of $29,328. and based on the combined retirement income of she and her husband will have excess income over expenses. The Court also noted that Debtors could decrease their monthly contributions to charities by $265. Thus, the wife's IRA was found not to be reasonably necessary for her support.) Id. at 975.

5.  For example, the Judge stated during the December 21, 2000 hearing :

I did hear about his present and anticipated living expenses, as much as he could provide. I was aware of his employment --his present employment. He talked some of the --of the prospects for that business which were somewhat undetermined at that time or--or difficult to -- to prophesize. I --his appearance, his age and health are--are somewhat obvious.

Tr. at 12-13 (Dec. 21, 2000).

5

error of law, the Court now addresses whether the District Court Judge's findings were clearly erroneous in finding the IRA unnecessary for McCrum and his dependents' reasonable necessary support.[6]

"The purpose of the factors is to determine whether the debtor will have excess income over reasonable expenses that could be used to fund retirement, and, if so whether the age of the debtor will permit the funding of a new retirement plan if the IRA is held to be non-exempt." In re Link, 172 B.R. 707, 711 (Bankr. D. Mass. 1994). The exemption is not intended to continue the debtor's standard of living in the future, but is to be used for his reasonable needs. Id. For example, the Link court found a 46 year-old attorney in good health with the ability to earn approximately $50 -55,000 per year for the next 10 to 15 years has the ability to prepare for his retirement without prejudice to the creditors of this bankruptcy estate. Link's child was leaving private school which would result in savings of $1,100 per month, which would provide the Debtor with substantial excess income with which to fund his retirement.[7] Similarly, the record here reflects McCrum

---

The Court disagrees with Appellee's argument that McCrum's only dependent is his wife. The Court finds that 14 M.R.S.A. § 4421 applies to all dependents, including, but not limited to his wife.

6. Plaintiff's failure to have an attorney or bring exemption evidence to the disclosure hearing does not provide him another bite at the apple. See State v. Furrow, 424 A.2d 694, 696 (Me. 1981) (citing Faretta v. California, 422 U.S. 806, 834 n.46 (1975)).

7. The Link court summarized several other cases as follows:

In terms of expenses, the court will normally consider the likely future medical expenses of the debtor and any dependents, and the number of dependents. In re Hall, 151 B.R. 412, 428 (Bankr. W.D. Mich. 1993); In re Sisco, 147 B.R. 495, 497 (Bankr. W.D. Ark. 1992). The size of the IRA fund is also a factor in the court rulings. Because a small principal balance in an IRA for a

6

earns $67,500. per year as president of Naturally Potatoes and has been president for four years, his wife earns approximately $10,000, they have approximately $30,000 of equity in the family home, and he has an interest in several other corporations. His expenses include $1,251 for college tuition for his one daughter and a $140. church contribution. Payments for tuition will end at the latest in approximately 4 years.

A major difference in the facts of this case from bankruptcy cases is that after a bankruptcy debtors assets are only those exemptions allowed in bankruptcy. McCrum is not in bankruptcy and still owns several assets, though subject to mortgages, to assist him in rebuilding his retirement fund. While the District Court did not set forth mathematically how it determined that the full $75,000 was exempt, this Court finds the Court considered the appropriate findings in this regard and that the findings are supported by the record and not clearly erroneous.

---

middle aged or older debtor is unlikely to exceed the debtor's minimal living needs, courts will normally allow a full exemption for these sums. In re Bogart, 157 B.R. 345, 348 (Bankr. W.D. Ohio 1993) (a 58 year-old debtor who will retire in two years and is unlikely to gain other employment is permitted to keep $5,545, but must turnover $2,083 in another IRA account); Hall, 151 B.R. at 428 (a 67 year-old debtor with limited ability to save and major medical expenses is entitled to $14,000 IRA); Sisco, 147 B.R. at 496-98 (reasonably necessary where debtor had $14,000 IRA, was 51 years old, has two dependent children, $700/month excess income and major medical expenses for his wife); In re Hickenbottom, 143 B.R. 931, 934 (IRA balance of $4,547 for debtor is permitted a full exemption as the debtor's net income is $1,774/month, the debtor and spouse are both 46-years old without dependents and with little equity in their residence) . . ..However, if the debtor is relatively young and has a present earning capacity, courts will normally infer that the debtor has the ability to replenish the retirement fund and will deny the exemption. In re Brewer, 154 B.R. 209, 214 (Bankr. W.D. Pa. 1993) (under reasonably necessary test the debtor must give up $33,239 IRA because he is only 52, in good health, his spouse can work and with the IRA funds the unsecured creditors will be paid in full); In re Bell, 119 B.R. 783, 785 (Bankr. D. Mont. 1988) (need for IRA funds not sustained when debtor is 45 years- old, has a pension and monthly income of $200 in excess of expenses).

The docket entry is:

The District Court's Orders dated October 23, 2000 and December 21, 2000 are affirmed.

The Clerk is directed to incorporate this Order in the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 6/1/2001

Hon. Paul T. Pierson
JUSTICE, SUPERIOR COURT